19740

KLINE IRON AND STEEL COMPANY, Respondent, v.
SUPERIOR TRUCKING COMPANY, INC., Appellant
(201 S. E. (2d) 388)

*Messrs. J. Lewis Cromer* and *James P. Craig,* of Columbia, *for Appellant,* cite:

*Frank A. Graham, Jr., Esq.,* of Columbia, *for Respondent,* cites:

December 11, 1973.

LEWIS, Justice:

Plaintiff, Kline Iron and Steel Company, recovered judgment against defendant, Superior Trucking Company, Inc.,

a common carrier, for damages allegedly sustained as a result of the failure of defendant to timely deliver a shipment of steel in accordance with the contract of conveyance between the parties. Defendant has appealed, presenting two basic questions for decision, to wit:

(1) Was there any evidence to show that defendant failed to deliver the goods as agreed; and (2) did the trial judge properly submit the issue of damages to the jury?

Plaintiff entered into an agreement with defendant on August 24, 1970, for the transportation of a truckload of fabricated steel from Cayce, South Carolina, to Shoreview, Minnesota, for the sum of $915.00 The shipment was consigned to Hamilton Erection Company which was engaged in the erection of a television tower for plaintiff at Shoreview. Plaintiff's traffic manager, who arranged the shipment, testified that the need for the steel in the construction at Shoreview was urgent and necessitated delivery there by August 26, 1970. He further testified that he informed defendant's agents of the necessity for delivery by August 26th, which resulted in the agreement for the delivery of the steel to the consignee at Shoreview by that date.

The shipper's agreement, signed by the parties, contained the motion "8-26-70 Del. or ASAP. All agree that "Del." meant "delivery" and "ASAP" meant "as soon as possible," so that, without abbreviations, the notation was "8-26-70 delivery or as soon as possible." Whether or not defendant breached the agreement depends upon the construction to be placed on this notation as to time of delivery of the shipment.

The traffic manager testified that defendant's employees assured him that, if the shipment was loaded on August 24th, which was done, it would arrive in Shoreview in time for delivery to the consignee on the afternoon of August 25th. Since he was assured that it could be delivered on the 25th, the notation "as soon as possible" was added, indicating the agreement to deliver earlier than the deadline date of August

26th, if possible. Plaintiff's traffic manager was emphatic that "as soon as possible" meant as soon as possible *prior* to the deadline date of August 26th and was not intended, as argued by defendant, to mean that delivery could be made by August 26th or as soon as possible *thereafter*.

Defendant did not deliver the shipment at Shoreview until the afternoon of September 1, 1970. It now takes the position that September 1st was as soon after August 26th as it could make delivery and that it has therefore complied with the contract of conveyance.

Plaintiff alleged in its complaint that defendant agreed under the written contract to deliver the shipment not later than August 26, 1970, and that defendant negligently failed to deliver by that date. The sole defense of the defendant was, in effect, a general denial. The basic issue of liability, therefore, turned upon whether defendant had agreed to deliver the goods by August 26th. If it did so agree, it was liable for any damages resulting from the failure to deliver by that date. If it did not so agree, it was not liable. This was the narrow issue under which the case was submitted to the jury by the trial judge, to which there was no exception.

Admittedly, the agreement between the parties called for delivery by August 26th, "or as soon as possible." The phrase "or as soon as possible" was susceptible of more than one interpretation, that is, whether "as soon as possible" prior to August 26th or after that date. Its meaning depended upon the intention of the parties, and under the conflicting testimony on the issue, was properly submitted to the jury for determination. The contention that there was no evidence to show that defendant failed to deliver the goods as agreed is without merit.

Defendant next contends that plaintiff failed to prove any recoverable damages.

When the shipment was not delivered by August 26th, the testimony shows that construction of the television tower

was delayed until the steel arrived. The employees of the consignee had to be paid during the time that they were idle because of the delay and the consignee required plaintiff to pay the amount of these wages. This is referred to as stand by time. The stand by time was paid by plaintiff, and plaintiff's liability to the consignee for such payment because of the delay in delivery or the amount thereof is not in dispute.

Appellant takes the position that the payment of wages to laborers because of the delay constituted special damages; that it had no notice of any circumstances from which it could reasonably be expected that such damages would occur from a delay in delivery of the steel; and that, in the absence of such notice, it would not be liable for any charges for stand by time of the consignee's employees.

The damages recoverable for a breach of contract are those which follow as a natural consequence of the breach, or which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was entered into. 22 Am. Jur. (2d), Damages, Section 56; *Hiers v. South Carolina Power Co.,* 198 S. C. 280, 17 S. E. (2d) 698.

General damages, that is, those which naturally, logically, and necessarily result from the breach of contract or injury, do not have to be specially pleaded; but may be proved under a general allegation of damages. Special damages, however, must be particularly alleged and proved. The principle is thus stated in *Hobbs v. Carolina Coca-Cola Bottling Co.,* 194 S. C. 543, 10 S. E. (2d) 25: "But where damages do not necessarily result from the act complained of, and consequently are not implied by law, the plaintiff must state the particular damage sustained in order to introduce testimony in regard to it. The rule is to avoid surprise."

The complaint alleged that there was a delay in delivery beyond the agreed delivery date and that, as a result, plaintiff was required by the consignee to pay "for stand by time

due to lack of materials." This was the only element of damage alleged in the complaint and proof of damages was directed solely to that item. Not only did the complaint allege that plaintiff was damaged by virtue of having to pay for stand by time, but proof of such damages was introduced without objection.

The rule is well settled that "notice at the time of the contract of circumstances from which special damages may reasonably be expected to result will make the defendant liable for such damages on the ground that they were within the contemplation of the parties, and therefore are regarded as forming a part of the contract." *Towles et al. v. Atlantic Coast Line R. Co.*, 83 S. C. 501, 65 S. E. 638.

The question then is whether there was evidence to show that defendant had notice, at the time of accepting the shipment, of special circumstances from which the payment of stand by time to the consignee's employees might reasonably be expected to result from the failure to timely deliver and, therefore, within the contemplation of the parties as a foreseeable result of the delay.

As previously pointed out, the testimony sustains the conclusion that the contract for the transportation of the fabricated steel required that it be delivered to the consignee not later than August 26th. There was testimony from which it was reasonably inferable that defendant accepted the shipment of structural steel knowing that it was urgently needed by the consignee and that the delivery of the shipment not later than the agreed date was absolutely necessary to the uninterrupted construction of the television tower. There was also testimony that construction of a television tower was a highly specialized business requiring specially qualified workmen who, in order to have them available, had to be employed on a full-time basis.

Mr. Meetze, traffic manager for the plaintiff, testified as to a conversation with an employee of defendant relative to the

arrangements for the shipment to be delivered by August 26th. He was asked:

. "Q. Why did you tell him that the shipment had to be on the job by the 26th? ·

"A. Our erector was out of material and he needed it to work and if he didn't have it, there would be stand by time."

The foregoing, along with the other related testimony, constituted evidence of notice to defendant that a delay in delivery beyond the agreed date would result in liability on the part of plaintiff for the payment of stand by time for the consignee's employees. The evidence amply sustains the recovery in this case.

Defendant argues, however, that, assuming notice to defendant that liability for stand by time might result from a delay in transit, the trial judge erred in failing to instruct the jury as to the principles governing liability for special damages.

The record is vague and indefinite as to what, if any, request was made by defendant for instructions to the jury relative to special damages. Prior to the charge to the jury, there appears a colloquy between the court and counsel with regard to a reference to special damages in one of the requests submitted by defendant. This request to charge is not made a part of the record and, in fact, no exception specifically refers to the failure to charge this requested instruction.

The next reference to the issue of special damages in connection with the charge appears immediately following the charge where counsel for defendant, in response to the court's request for further instructions stated: "Just note for the record that I object to the ruling that these are not special damages, and I claim that these are special damages." This cannot be construed as a request to charge or an exception to the charge.

The order of the lower court contains the unchallenged factual statement that "defendant did not submit any request

to charge specifically as to special damages." Under the record, there is serious doubt as to whether a specific request was made for an instruction as to special damages and, therefore, whether the claimed error in the instructions in this regard was preserved for review.

However, assuming that there was a request for an instruction as to special damages, the contents thereof are not included in the record and the court, therefore, cannot review the request to determine whether the lower court erred in refusing it. *Wren v. Kirkland Distributing Co.*, 250 S. C. 178, 156 S. E. (2d) 865.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.