516 S.E.2d 674

**Eric Ian Emberton STEELE, Appellant,**

v.

**SELF SERVE, INC., Respondent.**

**No. 2980.**

Court of Appeals of South Carolina.

Heard Feb. 9, 1999.

Decided April 26, 1999.

J. Thomas Falls, Jr., of Garris & Falls, of Columbia, for appellant.

Lee R. Moody, of Smoak, Moody & Smoak, of Walterboro; and Frederick M. Zeigler, of Columbia, for respondent.

STILWELL, Judge:

Eric Steele appeals the decision of the circuit court which affirmed the Workers' Compensation Commission's ruling that entitled Eric to only one-third of the death benefits due from his father's death in 1977. We affirm.

## FACTS

On July 30, 1977, Eric's father, Phillip, died from gunshot wounds to the head after being kidnaped from the Self Serve Station in Walterboro, where he worked as a clerk. Phillip also worked for Lowcountry Community Action at the time of his death. Phillip, the sole source of his family's income, was survived by his wife, Brenda, Eric, and another son, Derrick. Eric and his brother Derrick were ages two and six, respectively, when their father died. Eric, his mother, and brother filed workers' compensation claims on September 7, 1993. At that time, Eric was eighteen years old.

The single commissioner found Phillip's average weekly wage to be $170 with a compensation rate of $113.33. The commissioner held Self Serve was estopped from asserting the statute of limitations barred Eric's mother's claim because Self Serve led her to believe no benefits were available. Finally, the commissioner held that Self Serve owed the claimants $40,000 compensation, plus funeral expenses for Phillip's death. In the event that Eric's mother's claim was barred by the statute of limitations, the commissioner ordered that Eric and his brother should receive the full award. Self Serve appealed the single commissioner's order.

The full commission reversed the single commissioner. It calculated Phillip's average weekly wage at $99.02 with a compensation rate of $66.02. It also held that the claims of both Eric's mother and brother were barred by the statute of limitations. The commission agreed that the maximum benefits allowable equaled $40,000, but held that Eric could only recover one-third of the benefits due. Eric's mother and brother did not appeal the full commission's finding that they were both barred by the statute of limitations. Eric appealed to the circuit court, which affirmed the full commission.

## STANDARD OF REVIEW

Findings of the Workers' Compensation Commission will not be disturbed if they are supported by substantial evidence and not controlled by legal error. S.C.Code Ann. § 1–23–380(6) (1976); *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Miller v. State Roofing Co.*, 312 S.C. 452, 441 S.E.2d 323 (1994).

## DISCUSSION

### I. Average Weekly Wage

■ As his first exception, Eric argues the panel erred when it held that Phillip's average weekly wage was $99.02 with a compensation rate of $66.02. Eric argues that the uncontradicted facts provide overwhelming evidence that Phillip's weekly wage at the time of his death was $170. We disagree.

■ At the time of his death, Phillip worked for Self Serve and for Lowcountry Community Action Agency. Generally, when an employee works at concurrent jobs, the employee's wages from his multiple jobs may be combined to compute his average weekly wages. *Boles v. Una Water Dist.*, 291 S.C. 282, 353 S.E.2d 286 (1987); *Foreman v. Jackson Minit Mkts., Inc.*, 265 S.C. 164, 217 S.E.2d 214 (1975).

The applicable statute regarding the method of calculating average weekly wages provides:

When the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results fair and just to both parties will be thereby obtained.

S.C.Code Ann. § 42–1–40 (1976).[1]

Phillip's 1977 W–2s state that he earned $2,137.85 at Self Serve and $847.60 at Lowcountry. The dispositive issue is the

---

[1]. Although the briefs and orders refer to the 1962 code, the 1976 code controls. Phillip died on July 31, 1977, nearly a month after the

length of time Phillip worked at Lowcountry and thus, his average weekly wage there.

Eric noted on his Form 52 that Phillip's weekly wages were "to be determined." On its Form 53, Self Serve noted the claim was seventeen years old and it would "attempt to reconstruct earnings." The employer is required to file a Form 20—Statement of Earnings of Injured Employee. 25A S.C.Code Ann.Regs. 67–606 (1990) (amended 1997). Self Serve filed a Form 20 that stated Phillip earned $2,137.85 from January 1977 until his death in July 1977.

After the employer has filed the Form 20,

> If the claimant alleges he or she worked for two or more employers at the time the injury occurred, the claimant may obtain a completed Form 20 for each additional job. The claimant shall file with the Commission's Claim Department the Forms 20, completed by the employer of the additional jobs, and shall provide a copy to the employer on whose job the claimant was injured.

25A S.C.Code Ann.Regs. 67–1603(B) (1990) (amended 1997).[2]

■ Clearly, from the above-cited regulation, the claimant has the burden of proving wages earned from jobs other than the one where the accident occurred. *See Moore v. North Am. Van Lines,* 310 S.C. 236, 239–40, 423 S.E.2d 116, 118 (1992) ("Workers' compensation laws are to be liberally construed in favor of coverage. Nevertheless, the claimant is not relieved of his burden of providing evidence sufficient to support the award." (citations omitted)); *Shealy v. Algernon Blair, Inc.,* 250 S.C. 106, 110, 156 S.E.2d 646, 648 (1967) ("[A] claimant has the burden of proving the facts essential to his right to compensation, and an award may not be based upon conjecture or speculation."); *McDowell v. Stilley Plywood Co.,* 210 S.C. 173, 41 S.E.2d 872 (1947) (holding that testimony has no probative value if it rests on surmise, conjecture, and speculation).

---

effective date of the act which ratified the 1976 Code. Act No. 95, 1977 S.C.Acts 168 (effective July 1, 1977).

**2.** The 1997 amendment modified this regulation. *See* 25A S.C.Code Ann.Regs. 67–1603(H) (Supp.1998).

In this case, a Form 20 for Lowcountry was not submitted on the claimant's behalf. At the hearing, Eric's mother testified that Phillip worked for Lowcountry "somewhere around a couple of months" and was making $100 per week. When asked about Phillip's total weekly income in July 1977, she testified, "The only thing I can figure is about a $170.00 to 175.00 a week from both" Lowcountry and Self Serve.

On cross-examination, she admitted she did not check with Lowcountry about Phillip's dates of employment or number of hours worked. When asked if Phillip could have begun working at Lowcountry as early as February 1977, Eric's mother testified she thought that estimate was a little early but she was not sure. Furthermore, she admitted in her deposition that she did not know how long Phillip had worked for Lowcountry prior to his death.

The testimony regarding the length of time Phillip worked for Lowcountry is, at best, contradictory. Because the commission received no other documentation establishing that Phillip worked for Lowcountry for two months as claimed, the full commission chose to divide Phillip's total wages from Lowcountry by the number of weeks elapsed in 1977 prior to his death. The W–2s and the testimony of Eric's mother support that method of calculation and constitute substantial evidence of the average weekly wage as calculated.

■ Eric argues that even if he is not entitled to compensation based on an average weekly wage of $170, he should be entitled to recover based on an average weekly wage computed by adding together Phillip's gross income from all sources for 1977 and dividing them by the number of weeks he lived that year. We do not address this argument because Eric did not make this argument to the circuit court. An issue not raised in an intermediate appeal cannot be considered in a subsequent appeal. *City of Columbia v. Ervin,* 330 S.C. 516, 500 S.E.2d 483 (1998).

## II. Eric's Portion of the Benefits

■ Eric next argues that the commission erred in ruling that he was entitled to only one-third of the death benefits. We disagree.

Under South Carolina's workers' compensation law, Eric, his mother, and his brother were all conclusively presumed wholly dependent upon the father. *See* S.C.Code Ann. § 42-9-120 (1976). The statutes entitled each of them to equal shares of the benefits. S.C.Code Ann. § 42-9-130 (1976). The mother, as surviving spouse, received special protection entitling her to no less than one-third of the death benefits. S.C.Code Ann. § 42-9-290 (1976). Eric's share of the benefits equaled one-third at the time of his father's death.

■ Eric argues that his mother and brother waived their rights to their shares by not appealing the commission's decision. He cites cases from other jurisdictions for the proposition that a survivor can waive workers' compensation benefits in favor of another survivor. We need not decide whether South Carolina would adopt a similar position because Eric's mother and brother cannot be said to have waived their benefits. A waiver "is the voluntary and intentional relinquishment of a known right." *Provident Life & Accident Ins. Co. v. Driver*, 317 S.C. 471, 478, 451 S.E.2d 924, 928 (Ct.App. 1994).

The full commission ruled Eric's mother and brother were both barred by the statute of limitations. That ruling was not appealed to the circuit court and is not before us and is, therefore, the law of the case. *See Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 177 S.E.2d 544 (1970) (an unchallenged ruling, whether "right or wrong" is the law of the case). Consequently, the mother and brother have no legal right to benefits which they can waive in Eric's favor. If the full commission erred in barring their claims, the only way for Eric's mother and brother to succeed was to appeal, which they declined to do. Eric's claim was not barred by the statute of limitations and therefore he was entitled to one-third of his father's death benefits, but no more.

For the reasons discussed above, the decision of the circuit court affirming the full commission is

**AFFIRMED.**

HEARN and HUFF, JJ., concur.