595 S.E.2d 855

**Robert Andrew HINDS and William Henry Hinds, Appellants,**

v.

**Peggy Long ELMS, Respondent.**

**No. 3770.**

Court of Appeals of South Carolina.

Submitted Jan. 29, 2004.

Decided April 5, 2004.

Rehearing Denied May 21, 2004.

Chalmers Carey Johnson, of Charleston, for Appellants.

Sarah E. Wetmore, of Charleston, for Respondent.

KITTREDGE, J.:

This appeal presents the question whether a plaintiff in a personal injury action is entitled as a matter of law to a favorable verdict where the court directs a verdict against the defendant on the issue of negligence and the issues of proximate cause and damages are submitted to the trier of fact.[1] We hold that a plaintiff's verdict is not mandated under these circumstances.[2] Following a verdict for Respondent Peggy Long Elms, Appellants Robert and William Hinds [3] moved for a new trial "as to damages only," contending that the defense verdict was a result of improper influences since the trial court directed a verdict as to "liability." The Hinds appeal from the denial of their motion for a new trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

Robert Hinds was involved in three automobile accidents during the summer of 1995. This case arises from the second accident. Robert was driving his father's truck when it was struck in the rear by the vehicle driven by Elms.

After the July 12 accident, Robert contacted his family doctor, Dr. Skinner, who was unable to schedule him for an immediate appointment. An appointment was scheduled with Dr. Skinner for July 24. In the interim, Robert was involved in a third automobile accident on July 19. Robert did not seek medical treatment immediately following the third accident, but instead waited until the previously scheduled July 24 appointment.

The Hinds initiated the present action in July 1998, alleging Robert suffered "serious, painful and disabling" injuries in the July 12, 1995, automobile accident caused by Elm's negli-

---

1. Negligence was conceded at trial, resulting in a directed verdict on that issue.

2. We revisit this basic principle in a published opinion in light of the continuing confusion among some members of the bar as to the distinction between the element of a negligent act or omission and the concept of liability.

3. The primary Appellant is Robert Andrew Hinds. William Henry Hinds is Robert's father and the owner of the 1995 Nissan truck involved in the accident.

gence.[4] William Hinds sought compensation associated with the damage to his Nissan truck, including loss of use and diminution in value.

The case was tried to a jury. At the close of the evidence, the following occurred:

> THE COURT: At the conclusion of the defendant's case. Plaintiff, motions, please.
>
> COUNSEL FOR PLAINTIFFS: Motion for directed verdict, your honor, *on the issue of simple negligence.*
>
> THE COURT: Granted.

(emphasis added).

Following a discussion on the defense of comparative negligence, counsel for Elms remarked, "[so] in essence it's now an admitted simple negligence case that proceeds on proximate cause and damages?" The court answered, "Correct." The trial judge then commented:

> The defendant herself obviously throughout the trial has admitted that at the point and time of the collision she was negligent ... The proximate causal connection is still there, obviously, and that's the issue I expect to be argued most heavily by the defense, as well as the speculative nature of the damages that I'm sure they intend to argue full-fledged.

The trial court properly charged the jury on the applicable law, including the Hinds' burden, as plaintiffs, to establish that the claimed damages were proximately caused by the admitted negligence. At the conclusion of the charge, the trial court reviewed the verdict form with the jury, noting the options for "plaintiff blank dollars actual damages ... [or] for the defendant." Prior to deliberations, the trial court invited the parties to lodge any exceptions to the charge, to which counsel for the Hinds responded, "Nothing."

### *LAW/ANALYSIS*

■ Upon receipt of the defense verdict, the Hinds, for the first time, argued that the jury *had* to find in their favor and

---

4. Robert filed a negligence action in connection with the July 19 accident, where he claimed "serious, painful and disabling" injuries. In that lawsuit, Robert sought to recover the "exact same medical bills ... as [he] did in this case."

award damages.[5]  In their motion for a new trial, and before this court, the Hinds assert that the trial court directed a verdict "to the plaintiff on the issue of liability."  Based on this premise, the Hinds argue they were entitled to an award of damages, and the jury's defense verdict was "inconsistent with the law of the case."  We disagree.

The premise of the Hind's argument is flawed, for the record clearly establishes that the directed verdict was limited to the element of negligence.[6]  A determination of negligence, standing alone, is a far cry from a determination of liability.  Liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence.  "To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty."  *Vinson v. Hartley*, 324 S.C. 389, 399, 477 S.E.2d 715, 720 (Ct.App.1996).

In view of the purported error of the trial court in denying the Hind's motion for a new trial, we have reviewed the evidence.  At the time of the July 12, 1995 motor vehicle accident, Robert was recovering from injuries from his first accident that summer.  Robert's family physician, Dr. Skinner, had diagnosed Robert with musculoskeletal pain, and prescribed various medications, as a result of a May 30 automobile accident.  Following the July 12 accident, Robert drove his father's truck home.  He received no medical treatment, other than to schedule an appointment with Dr. Skinner for July 24.  Robert's third automobile accident occurred on July 19.  Robert's claim for damages resulting from the July 12 accident was contested and, indeed, was the focus of the trial.  The suggestion that the defense verdict resulted from improper influences finds no traction in this record.  We conclude the trial court acted well within its discretion in denying the Hinds' motion for a new trial.  *Creighton v.*

---

5. The Hinds do not attempt to distinguish Robert's personal injury claim from his father's property damage claim.

6. We do recognize that "when liability is admitted, a plaintiff is entitled to an award unless proof completely fails."  Krepps by Krepps v. Ausen, 324 S.C. 597, 609, 479 S.E.2d 290, 296 (Ct.App.1996).

*Coligny Plaza Ltd. P'ship,* 334 S.C. 96, 113, 512 S.E.2d 510, 519 (1998) ("The grant or denial of a new trial motion rests within the discretion of the trial judge and will not be disturbed on appeal unless the trial judge's findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law.").

## CONCLUSION

In a personal injury action, a determination of negligence, standing alone, does not entitle a plaintiff to a favorable verdict as a matter of law. Liability encompasses all elements of a negligence claim, including damages proximately caused by the negligence. Since the directed verdict in favor of the Hinds was limited, in their counsel's words, "to the issue of simple negligence," there exists no inconsistency in the defense verdict. Accordingly, there is no error in the trial court's denial of the motion for a new trial.

**AFFIRMED.**

GOOLSBY and HOWARD, JJ., concur.