THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hope Hollingsworth, individually and as natural parent and guardian for Heather Nicole Hollingsworth, Appellant,
 
 
 

v.

 
 
 
 Carolyn Mildred Wehman, Respondent.
 
 
 

Appeal From Greenwood County
 Wyatt T. Saunders, Jr, Circuit Court Judge

Unpublished Opinion No.  2005-UP-388
Submitted June 1, 2005  Filed June 14, 2005

AFFIRMED

 
 
 
 Jon E. Newlon and Jason L. Sturkie, both of Greenwood, for Appellant.
 Eric K. Englebardt and Amy M. Snyder, both of Greenville, for Respondent.
 
 
 

PER CURIAM: The plaintiffs in this personal injury action appeal a defense verdict.  Their first issue argues a directed verdict on the issue of negligence entitled them a plaintiffs verdict and at least de minimis damages as a matter of law.  The second issue assigns error to the magistrates release of the jurors and its failure to grant a new trial absolute, new trial under the thirteenth juror doctrine, or judgment notwithstanding the verdict.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorties:[1]  Issue I:  Hinds v. Elms, 358 S.C. 581, 585, 595 S.E.2d 855, 857 (Ct. App. 2004) (holding a determination of negligence, standing alone, is a far cry from a determination of liability; liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence);  Issue II:  Wilder Corp. v. Wilkie, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review); Steele v. Self Serve, Inc., 335 S.C. 323, 328, 516 S.E.2d 674, 677 (Ct. App. 1999) (An issue not raised in an intermediate appeal cannot be considered in a subsequent appeal.).
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.