THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jeff Young and Shonya Young, Appellants,
v.
Tracy Alan Greene and Ted Anthony Greene, Respondents.
 
 
 

Appeal From Horry County
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2006-UP-122
Submitted February 1, 2006  Filed February 24, 2006   

AFFIRMED

 
 
 
Gene M. Connell, Jr., of Surfside Beach, for Appellants.
Jon L. Austen and Francis M. Ervin, both of Charleston, for Respondents.
 
 
 

PER CURIAM: Appellants Jeff and Shonya Young sued respondent Tracy Greene and his brother Ted, alleging Tracy collided with their vehicle on July 15, 2000, when Tracy, while driving his brothers truck, turned left in front of them.  The Youngs seek to recover damages for severe personal injuries they allegedly received from the automobile accident.  The jury returned a verdict for the Greenes.  We affirm.[1]
1.       We find no error in the trial judges instructing the jury it could find for the Greenes.  The Youngs contend the Greenes counsel admitted liability, leaving only the question of the amount of damages for the jury to determine.  In this case, however, the record shows the Greenes only admitted simple negligence.[2]  
Liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence.  Hinds v. Elms, 358 S.C. 581, 585, 595 S.E.2d 855, 857 (Ct. App. 2004).  A determination of negligence, standing alone, is a far cry from a determination of liability.  Id.  The plaintiff must also prove proximate cause in a negligence action.  Hurd v. Williamsburg County, 363 S.C. 421, 611 S.E.2d 488 (2005).  The issue of proximate cause is generally a question for the jury and, if more than one reasonable inference can be drawn from the evidence, the trial judge must submit the issue to the jury.  Graham v. Whitaker, 282 S.C. 393, 321 S.E.2d 40 (1984).  
Because the Greenes admitted only simple negligence, the Youngs were still required to prove that negligence proximately caused their injuries and they were required to prove the amount of damages they suffered as a result.  
2.       We find no error in the trial judges denial of the Youngs motion for a new trial where the jury could reasonably conclude the Greenes negligence was not a proximate cause of the alleged damages.  
The trial judge may grant a new trial absolute when, sitting as the thirteenth juror, she concludes the jurys verdict is not supported by the evidence.  Duncan v. Hampton County Sch. Dist. No. 2,  335 S.C. 535, 517 S.E.2d 449 (Ct. App. 1999).  Although the Greenes neither testified nor presented any witnesses, the trial judge found many contested issues in the trial that could justify a verdict for the Greenes.  Evidence is not rendered undisputed simply because there is no direct evidence contradicting it.  There still remains a question of its inherent probability, the credibility of the witnesses, and the inferences to be drawn from the evidence.  Vereen v. Liberty Life Ins. Co., 306 S.C. 423, 412 S.E.2d 425 (Ct. App. 1991).  
Dr. William Endicott, the Youngs dentist, testified he briefly examined the Youngs on the 17th or 18th of July 2000.  Although he usually treats emergency cases right away, Endicott first treated the Youngs on September 13, 2000, approximately two months after the accident.  Dr. Jeff Benjamin, the Youngs neurologist, testified he started treating Shonya Young on October 27, 2000, and Jeffrey Young on November 22, 2000, approximately three to four months after the accident.  Dr. Benjamin testified Jeffrey complained to him of pain in his lower back and neck.  
On July 23, 2000, Jeffrey suffered injuries in a fight and received medical attention in a hospital emergency room.  The hospital report reveals someone struck Jeffrey in the head with a stick, causing him to lose consciousness.  The report also reveals he denied any neck or back pain at the time, even though the automobile accident occurred a week prior.    
Although both doctors opined the July 15, 2000 automobile accident caused the Youngs injuries, the doctors also admitted they based their determinations about the relationship between the injuries and the accident largely upon information supplied by the Youngs.  The July 23, 2000 incident appears in the medical records; however, the record on appeal does not indicate the Youngs discussed the incident with either doctor and neither of the Youngs testified at trial.  
Officer Michael Marsh, who responded to the scene of the accident, testified he generally remembered when people were seriously injured.  Moreover, his report indicates the Youngs did not go to the hospital immediately after the accident.  
The testimony at trial created an issue of fact regarding the truthfulness of the Youngs alleged injuries.  The facts above could reasonably lead the jury to conclude the Youngs suffered no injuries as a result of the July 15, 2000 accident.  See Ross v. Paddy, 340 S.C. 428, 532 S.E.2d 612 (Ct. App. 2000) (noting even where the evidence is uncontradicted, the jury may believe all, some, or none of the testimony, and where the credibility of a witness has been questioned, the matter is properly left to the jury to decide); Burns v. Universal Health Servs., Inc., 361 S.C. 221, 603 S.E.2d 605 (Ct. App. 2004) (stating a jurys verdict will be upheld if there is any evidence to sustain the factual findings implicit in the verdict).
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.  

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We note the Greenes counsel twice misspoke in admitting liability; however the record is clear that he only admitted simple negligence.