718 S.E.2d 224

**BEVERLY S., individually and as Guardian Ad Litem for Mandy S., Appellant,**

v.

**KAYLA R., Respondent.**

No. 4864.

Court of Appeals of South Carolina.

Heard Nov. 4, 2010.

Decided Aug. 10, 2011.

Rehearing Denied Dec. 14, 2011.

---

John Richard Moorman, of Sumter, for Appellant.

David Cornwell Holler, of Sumter, for Respondent.

FEW, C.J.

In this appeal from an automobile accident case, Beverly S. claims the trial judge erred in not charging the jury on the loss of use of a vehicle as an element of recoverable property damages when the vehicle is a total loss. We find Beverly has

failed to provide an adequate record for appellate review, and accordingly, we affirm.

## I. Facts and Procedural History

On August 9, 2006, Beverly's daughter, Mandy, drove Beverly's 1995 Nissan Altima to school. While Mandy was attempting to leave the school's parking lot after class, Mandy was involved in two nearly simultaneous collisions: (1) she was hit from behind by a car driven by Kayla R., and (2) Mandy hit the car in front of her. The Altima sustained significant damages to its front end and minor damages to the rear end.

Beverly filed suit against Kayla claiming Kayla was negligent in hitting Mandy from behind, which in turn caused the Altima to hit the car in front. Beverly sought actual damages for Mandy's personal injuries and for property damage to and loss of use of the Altima. She also sought punitive damages. Before trial, the parties settled all claims except those for property damage and loss of use.

Beverly's counsel asked the trial judge to charge the jury that loss of use damages are recoverable as an element of property damages even if the vehicle was a total loss. The judge denied the request. The jury returned a $120 verdict in favor of Beverly.

## II. Failure to Prepare an Adequate Record on Appeal

We do not reach the issue Beverly attempts to raise on appeal because it is not adequately presented for appellate review. An appellate court will not consider an issue that has not been preserved for appellate review. *Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006). Issue preservation requires a party to preserve an issue both at trial and in presentation of the issue on appeal. *S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 659, 667 S.E.2d 7, 15 (Ct.App.2008) (stating "if an issue is preserved at the trial court level, it must still be properly raised and argued to the appellate court").

Beverly failed to present the issue on appeal in two important respects. First, she failed to include her request to charge in the Record on Appeal. An appellate court cannot review a trial court's refusal to give a requested charge where

the appellant fails to include the requested charge in the record. *Kline Iron & Steel Co. v. Superior Trucking Co.,* 261 S.C. 542, 550, 201 S.E.2d 388, 392 (1973); *see also Bonaparte v. Floyd,* 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct.App.1987) (stating the appellant bears the burden of providing a record on appeal sufficient for intelligent review); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

■ Second, Beverly failed to present the issue on appeal by not including the entire jury charge in the Record on Appeal. An appellate court reviewing a jury charge for error must review the charge as a whole. *Keaton ex rel. Foster v. Greenville Hosp. Sys.,* 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999); *see also Fairchild v. S.C. Dep't of Transp.,* 385 S.C. 344, 352, 683 S.E.2d 818, 822 (Ct.App.2009) (stating an error in a jury charge must be shown to be prejudicial to warrant reversal). Here, Beverly included in the Record only one page of the transcript of the charge. That page does not even include the entire charge on damages.

### III. Conclusion

Because Beverly failed to provide an adequate record for appellate review, the jury verdict is

**AFFIRMED.**

SHORT, J., concurs.

CURETON, A.J., dissenting.

Because I am firmly convinced Beverly properly preserved the issue of the failure of the trial court to charge loss of use, I am compelled to dissent.

At trial, counsel for Beverly inquired whether the trial court would "charge the loss of use provisions." The court responded that it would charge Beverly could recover loss of use only if the jury found her car was economically repairable.[1] The court's actual charge follows:

---

1. While Beverly's written request to charge and the court's entire charge are not included in the record on appeal, the record contains four pages of the colloquy between the court and counsel concerning

If repairing the vehicle would put it in as good a condition as before the accident, then the measure of damages would be the cost of the repair plus any amount by which the value of the vehicle was decreased due to its involvement in the collision. This is also called depreciation.

If the vehicle cannot be repaired, the measure of damages would be the value of the vehicle immediately before it was struck minus any salvage value.

A plaintiff may also be entitled to recover for the loss of use of a vehicle during the time the plaintiff was unable to use it.

Actual damage for this purpose would be measured by determining what if any it would cost the plaintiff to rent a similar vehicle while the plaintiff's own vehicle was being repaired.

After the court charged the jury, Beverly renewed her objection to the charge, stating "[t]he plaintiff still maintains their objection to not being able to charge the jury that total loss is recoverable. Loss of use is recoverable in the event the car is a total loss—thank you."

Quite candidly, in her brief, Kayla does not take the position that the issue is not preserved for our review. Instead, Kayla concludes: "Although loss of use may be recoverable when a vehicle is destroyed or not economically repairable, [Beverly] offered no evidence that she was entitled to an exception to the general rule. The trial court properly denied [Beverly]'s request to submit loss of use as an element of damages in this case."

I believe the issue of whether or not a plaintiff may recover loss of use of a totally destroyed or non-repairable vehicle is a novel issue in this state and should be decided on the merits. Furthermore, Beverly argues she suffered prejudice from the deficient charge, in that she might have received a substantially higher damages award if the jury had considered loss of use. *See Hughes v. W. Carolina Reg'l Sewer Auth.,* 386 S.C. 641, 646, 689 S.E.2d 638, 641 (Ct.App.2009) (permitting reversal of a trial court's decision declining to give a particular jury charge when the decision is both erroneous and prejudicial).

---

whether to charge loss of use. Moreover, the relevant portion of the court's charge is included in the record.

Inasmuch as I believe Beverly was entitled to the requested charge, I would reverse and remand for a new trial.