**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

LeAndra Lewis, Appellant,

v.

L.B. Dynasty d/b/a Boom Boom Room Studio 54 and S.C. Uninsured Employers' Fund, Defendants,

Of Whom S.C. Uninsured Employers' Fund is the Respondent.

Appellate Case No. 2010-165646

———————————

Appeal From The Workers' Compensation Commission

———————————

Opinion No. 2015-UP-339
Submitted March 18, 2015 – Filed July 8, 2015

———————————

**AFFIRMED**

———————————

Charles B. Burnette, III, of Burnette & Payne, PA, of Rock Hill; John S. Nichols and Blake Alexander Hewitt, both of Bluestein, Nichols, Thompson & Delgado, LLC, of Columbia, for Appellant.

Lisa C. Glover, of Columbia, for Respondent.

———————————

**PER CURIAM:** In *Lewis v. L.B. Dynasty*, 411 S.C. 637, 770 S.E.2d 393 (2015), our supreme court held that Lewis was an employee rather than an independent contractor; thus, she was entitled to benefits. Accordingly, the supreme court remanded the case to this court to determine Lewis' compensation rate, as this court did not reach the issue in *Lewis v. L.B. Dynasty, Inc.*, 400 S.C. 129, 732 S.E.2d 662 (Ct. App. 2012).

On appeal to this court, Lewis argued the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) erred in determining that if she was an employee, her compensation rate would be $75 per week. We disagree.

"Generally, when an employee works at concurrent jobs, the employee's wages from his multiple jobs may be combined to compute his average weekly wages." *Steele v. Self Serve, Inc.*, 335 S.C. 323, 326, 516 S.E.2d 674, 676 (Ct. App. 1999). "[T]he claimant has the burden of proving wages earned from jobs other than the one where the accident occurred." *Id.* at 327, 516 S.E.2d at 676. Regulation 67-1603(H) provides:

> If the claimant alleges he or she worked for two or more employers when the injury occurred, the claimant may request the additional wages be included as part of his or her average weekly wage. The claimant shall obtain a completed Form 20 from each of the other employers and file the Forms 20 with the Claims Department. The claimant shall provide a copy of each Form 20 to the employer's representative. The Commission will calculate the new compensation rate and notify the parties. If the employer's representative does not agree to pay the new compensation rate, the claimant may request a hearing to determine the proper compensation rate by filing a Form 50 pursuant to R.67-207.

S.C. Code Ann. Regs. 67-1603(H) (2012).

Lewis argued her compensation rate should be $661.29, based on an average weekly wage of $1,650, which consisted largely of wages earned from other employers. The single commissioner found Lewis failed to prove her claimed average weekly wage and credited Lewis for wages earned from the L.B. Dynasty

d/b/a Boom Boom Room Studio 54 (the Club) only.[1]  The single commissioner based this finding on the fact that Lewis failed to submit a Form 20, as required by Regulation 67-1603(H), outlining the wages she received from other employers and on the lack of any evidence except her and her witnesses' testimony regarding the wages she earned from other employers.

Lewis cited *Steele v. Self Serve, Inc.* in support of her argument that she was not required to file a Form 20 documenting her wages earned from other employers, and her testimony regarding her wages was sufficient to meet her burden of proof. However, *Steele* was decided under a former version of Regulation 67-1603, that stated "the claimant *may* obtain a completed Form 20 for each additional job." *Steele*, 335 S.C. at 327, 516 S.E.2d at 676 (emphasis added).  The current regulation, which was amended before Lewis filed her claim, states "the claimant *shall* obtain a completed Form 20 from each of the other employers and file the Forms 20 with the Claims Department."  S.C. Code Ann. Regs. § 67-1603(H) (2012) (emphasis added).[2]  Further, in *Steele*, the claimants submitted a tax return reflecting wages earned from another employer in support of their oral testimony. *Steele*, 335 S.C. at 326, 516 S.E.2d at 676.  In the instant case, Lewis presented no evidence regarding the wages she earned from other employers except for her and her sister's testimony regarding the number of nights Lewis normally worked.

We find Lewis' average weekly wage was a factual determination supported by the evidence, and the single commissioner made no legal errors in its determination that she failed to meet her burden to prove her wages earned from other employers. Therefore, we affirm the Appellate Panel's determination that Lewis' compensation rate is $75 per week.

**AFFIRMED.[3]**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] The Appellate Panel affirmed the entirety of the single commissioner's decision without specifically discussing the compensation rate issue.
[2]  S.C. Code Ann. Regs. § 67-1603 was amended in 1997.
[3]  We decide this case without oral argument pursuant to Rule 215, SCACR.