**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Reginald Todd Young, Appellant,

v.

Eric D. Powell and United Parcel Services, Inc., Respondents.

Appellate Case No. 2016-000210

-----

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

-----

Unpublished Opinion No. 2018-UP-293
Submitted February 9, 2018 – Filed June 27, 2018

-----

**AFFIRMED**

-----

Paige Blair George and Barry B. George, both of Columbia, for Appellant.

Wilson S. Sheldon, of Willson Jones Carter & Baxley, P.A., and Katie Michelle Brown, of Nexsen Pruet, LLC, both of Greenville, for Respondents.

-----

**PER CURIAM:**  In this automobile wreck case, Reginald Todd Young appeals from a jury verdict in favor United Parcel Services, Inc. (UPS) and its driver, Eric D. Powell.  Young argues the trial court erred in failing to charge the jury on the

law of excessive speed and on the law of comparative negligence and in excluding evidence of Powell's driving history. We affirm.

1. We find Young's arguments concerning the trial court's failure to charge the jury on the law of excessive speed and comparative negligence are not properly before this court. *See Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999) (stating an appellate court reviewing a jury charge for error must review the charge as a whole); *Fairchild v. S.C. Dep't of Transp.*, 385 S.C. 344, 351, 683 S.E.2d 818, 822 (Ct. App. 2009) ("To warrant reversal, the party seeking the requested jury charge must demonstrate error and prejudice."); *Beverly S. v. Kayla R.*, 395 S.C. 399, 401-02, 718 S.E.2d 224, 225-26 (Ct. App. 2011) (holding jury charge issues were not properly before this court when appellant failed to include her request to charge and the entire jury charge in the record on appeal); *Hamilton v. Greyhound Lines E.*, 281 S.C. 442, 444, 316 S.E.2d 368, 369 (1984) ("The appealing party has the burden of furnishing a sufficient record from which this court can make an intelligent review."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."). Here, Young failed to include the charge the trial court gave the jury in the record on appeal. In addition, he does not set forth in his brief the charge he sought the trial court to give. Thus, this court is unable to consider these issues.

2. We hold Young failed to establish reversible error in the trial court's refusal to admit Powell's driving record. *See James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008) ("In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public."); *Hinds v. Elms*, 358 S.C. 581, 585, 595 S.E.2d 855, 857 (Ct. App. 2004) ("Liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence. 'To prevail in an action founded in negligence, the plaintiff must establish three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty.'" (quoting *Vinson v. Hartley*, 324 S.C. 389, 399, 477 S.E.2d 715, 720 (Ct. App. 1996))); *Trivelas v. S.C. Dep't of Transp.*, 348 S.C. 125, 135, 558 S.E.2d 271, 276 (Ct. App. 2001) ("Proximate cause requires proof of both causation in fact, and legal cause. Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence." (quoting *Oliver v. S.C. Dep't of*

*Highways and Pub. Transp.*, 309 S.C. 313, 316, 422 S.E.2d 128, 130 (1992)) (internal quotation marks omitted)); *Owners Ins. Co. v. Clayton*, 364 S.C. 555, 563, 614 S.E.2d 611, 615 (2005) ("Error without prejudice does not warrant reversal."). Young sought to admit the evidence of Powell's driving history to support his causes of action for negligent hiring and negligent entrustment. Even if he could have established the other elements of these causes of action, he failed to establish the actual cause element of proximate cause because, according to the jury, Powell did not cause the accident. Thus, any alleged error in the trial court's refusal to admit the driving record is not prejudicial.

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.