**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Vicki Littlefield, Respondent,

v.

Paul W. Cromer, Jr., individually and d/b/a Paul Cromer, Inc., Appellant.

Appellate Case No. 2020-000890

———————

Appeal From Anderson County
Steven C. Kirven, Master-in-Equity

———————

Unpublished Opinion No. 2023-UP-252
Heard June 6, 2023 – Filed June 21, 2023

———————

**AFFIRMED**

———————

Joshua Brent Raffini, of Pruitt & Pruitt, of Anderson, for Appellant.

Wallace K. Lightsey and Meliah Bowers Jefferson, both of Wyche Law Firm, of Greenville, for Respondent.

———————

**PER CURIAM:** In this action to recover on a promissory note (the Note), Paul W. Cromer, Jr., individually and d/b/a Paul Cromer, Inc. (Cromer), appeals the findings of the master-in-equity, arguing the master erred by refusing to allow

Cromer credit for bad debt losses to offset the amount owed on the Note.  We affirm pursuant to Rule 220(b)(2) of the South Carolina Appellate Court Rules.

We hold the evidence reasonably supports the master's refusal to give Cromer credit for bad debt losses because these losses were not the type of bad debt contemplated by the terms of the Note.  *See Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 47, 686 S.E.2d 200, 202 (Ct. App. 2009) ("An action for breach of contract seeking money damages is an action at law." (quoting *McCall v. IKON*, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008))); *Stanley v. Atl. Title Ins. Co.*, 377 S.C. 405, 409, 661 S.E.2d 62, 64 (2008) ("In an action at law, tried without a jury, the trial court's findings of fact will not be disturbed unless found to be without evidence which reasonably supports the court's findings.").

Cromer and Charles Whitfield, who had been engaged for decades in the business of lending used car dealers capital to buy and resell vehicles, executed the Note, under the terms of which Cromer was to repay the $800,000 principal and, on a biannual basis, pay interest "equal to fifty percent (50%) of the profits on car loans during each calendar year, minus fifty percent (50%) of the bad debts on car loans."  The Note did not define the term "bad debt."  Shortly thereafter, Cromer incurred losses when he lent Martha Jo Massey, Darrell Massey, and Brandon Massey (the Masseys) money to buy vehicles for resale—allowing them to keep the titles of the cars they purchased—and they did not remit payment for the vehicles.  We hold the evidence showed Cromer deviated from his normal course of dealing when he lent the Masseys money to buy vehicles but allowed them to keep the cars' titles, and such a deviation was not contemplated by the parties at the time they executed the Note.  *See Manning v. City of Columbia*, 297 S.C. 451, 455, 377 S.E.2d 335, 337 (1989) ("Damages recoverable for breach of contract either must flow as a natural consequence of the breach or must have been reasonably within the parties' contemplation at the time of the contract."); *Kline Iron & Steel Co. v. Superior Trucking Co.*, 261 S.C. 542, 548-49, 201 S.E.2d 388, 391 (1973) (finding testimony of the plaintiff's traffic manager and other related evidence that a delivery delay would necessitate the payment of "stand by" time was sufficient to show that the damages regarding this time was reasonably within the parties' contemplation when they entered into the contract).

**AFFIRMED.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**