**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dimitri Tarion Dickens, Appellant.

Appellate Case No. 2024-000878

---

Appeal From Berkeley County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-249
Submitted April 1, 2026 – Filed May 27, 2026

---

**AFFIRMED**

---

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Dimitri Tarion Dickens appeals his convictions for assault and battery of a high and aggravated nature (ABHAN) and possession of a weapon during the commission of a violent crime and concurrent sentences of fifteen years'

imprisonment, suspended upon the service of ten years' imprisonment, for ABHAN and five years' imprisonment for the weapons offense.  On appeal, Dickens argues the trial court erred in refusing to instruct the jury on the lesser-included offense of second-degree assault and battery.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by refusing to charge the jury on the lesser-included offense of second-degree assault and battery because the evidence presented at trial did not support the instruction.  *See State v. McGowan*, 430 S.C. 373, 379, 845 S.E.2d 503, 505 (Ct. App. 2020) ("An appellate court will not reverse a [trial] court's decision regarding a jury instruction unless there is an abuse of discretion."); *State v. Brown*, 401 S.C. 82, 87, 736 S.E.2d 263, 265 (2012) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Jennings*, 394 S.C. 473, 477-78, 716 S.E.2d 91, 93 (2011))); *State v. Geiger*, 370 S.C. 600, 607, 635 S.E.2d 669, 673 (Ct. App. 2006) ("To justify charging the lesser crime, the evidence presented must allow a rational inference the defendant was guilty only of the lesser offense."); *id.* ("The trial court should refuse to charge the lesser included offense when there has been no evidence tending to show the defendant may have committed solely the lesser offense."); *State v. Williams*, 400 S.C. 308, 314, 733 S.E.2d 605, 608-09 (Ct. App. 2012) ("When reviewing the [trial] court's refusal to deliver a requested jury instruction, appellate courts must consider the evidence in a light most favorable to the defendant."); S.C. Code Ann. § 16-3-600(B)(1) (2015) ("A person commits the offense of [ABHAN] if the person unlawfully injures another person, and (a) great bodily injury to another person results; or (b) the act is accomplished by means likely to produce death or great bodily injury."); S.C. Code Ann. § 16-3-600(A)(1) (2015) (defining "[g]reat bodily injury" as "bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ"); S.C. Code Ann. § 16-3-600(D)(1)(a) (2015) ("A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and . . .  moderate bodily injury to another person results or moderate bodily injury to another person could have resulted . . . ."); S.C. Code Ann. § 16-3-600(A)(2) (Supp. 2025) ("'Moderate bodily injury' means physical injury that involves prolonged loss of consciousness, or that causes temporary or moderate disfigurement or temporary loss of the function of a bodily member or organ, or injury that requires medical treatment when the treatment requires the use of regional or general anesthesia or injury that results in a fracture or dislocation. Moderate bodily injury does not include one-time treatment and subsequent

observation of scratches, cuts, abrasions, bruises, burns, splinters, or any other minor injuries that do not ordinarily require extensive medical care.").

Additionally, we hold Dickens's argument that the language of the statute creates an ambiguity that should have been resolved in his favor is not preserved for appellate review because he failed to raise this argument to the trial court and obtain a ruling. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *id.* ("A party may not argue one ground at trial and an alternate ground on appeal."). To the extent Dickens included this argument in his jury request sent via email to the trial court, he failed to put this specific argument on the record during the on-the-record charge conference and failed to include the email in the record on appeal. *See* Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal."); *Beverly S. v. Kayla R.*, 395 S.C. 399, 401-02, 718 S.E.2d 224, 225-26 (Ct. App. 2011) ("An appellate court cannot review a trial court's refusal to give a requested charge where the appellant fails to include the requested charge in the record."). Moreover, to the extent Dickens argues he was prejudiced by the trial court's initial decision not to charge first-degree assault and battery, which precluded him from addressing first-degree assault and battery during closing arguments, we hold this argument is also not preserved for appellate review because he never raised this argument to the trial court. *Cf. State v. Stone*, 285 S.C. 386, 387, 330 S.E.2d 286, 287 (1985) ("[A] defendant's failure to object to the charge as made or to request an additional charge, when an opportunity has been afforded to do so, results in a waiver of his right to complain about the charge on appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.