Curia, per Evans, J.
On the trial of this case I was of opinion, and so decided, that the order of the commissioner of special bail, for the discharge of the debtor, was a sufficient protection of the sheriff; but my brethren think the decision cannot be safely put on that ground; and, on mature consideration, I am inclined to agree with them. The principle cannot be questioned, that in a matter within its jurisdiction, the order of any judicial tribunal is binding on a ministerial officer, and a protection to him for any act done in the execution of it. The question in relation to inferior courts is always whether the Court has jurisdiction of the subject mat *370 ter, not whether the order be right or not. Now, the commissioner had jurisdiction of the question of discharge under the Act of 1788; but when that question was decided, his powers were at an end. An appeal is a matter of right; and I do not find that, on that subject, the Act of 1833 gives the commissioner of special bail any power, or requires of him the performance of any act. What he did was not in the discharge of any official duty. The sheriff was as much bound as the commissioner of special bail. On this ground, the defendant is not protected.
The prisoner was arrested on a ca. sa. He had given bond to keep within the prison bounds, and render a schedule of his estate. When this was done, he was no longer in the sheriff’s custody. The bond was the guaranty substituted for the body. The sheriff was not bound officially to pursue him for any breach of it. There is nothing in the Act which requires the sheriff to take notice of the proceedings before the commissioner of bail. They may, and often are, carried on without the sheriffs knowledge. There was no order of the commissioner or requisition of the plaintiff'which put an end to the prisoner’s right to remain within the bounds. The sheriff’s taking him into custody was merely voluntary, and not the result of any legal obligation. It is true that by the seventh section of the Act of 1788, if the prisoner fail to render in a schedule agreeable to the tenor of his bond, he is no longer entitled to the bounds. The Act points out no way in which this privilege is to be terminated. The practice has been for the commissioner to order it, and it may be that the sheriff would be bound to take the prisoner into custody, after the fraud was established, on the requisition of the plaintiff; but without something of this sort, I think there can be no doubt the prisoner may remain at large within the bounds. When the sheriff discharged him from gaol, the prisoner was placed in the same situation as before he was taken into custody- — that is, within the bounds, where he was to remain until discharged by some competent authority. The plaintiff has been in no way prejudiced. He has now the same security he had before the discharge. The discharge did not authorize the prisoner to go beyond the bounds. If his schedule was false, or he has violated the condition of his bond by going out of the prison limits, his securities are liable.
*371 This Court is of opinion, that the act of the sheriff, in discharging the prisoner, was not an escape, and the motion is therefore dismissed.