### MEDLOCK v. McALISTER

### (112 S. E. 436)

1. LANDLORD AND TENANT—LANDLORD NOT COMMON CARRIER IN OPERATING ELEVATOR, AND OWES TENANT ONLY ORDINARY CARE.—A landlord whose tenant was injured by reason of a defective and negligently operated elevator, was not a common carrier of passengers for hire, and hence did not owe plaintiff the highest degree of care, but ordinary and reasonable care, in consequence of the relation of landlord and tenant.

2. LANDLORD AND TENANT—NONSUIT PROPERLY REFUSED, WHERE THERE IS TESTIMONY TENDING TO PROVE ALLEGATIONS OF NEGLIGENCE.—In an action for injuries to a tenant by reason of a defective and negligently operated elevator, where there was testimony tending to prove his allegations of negligence, the Court properly refused to grant a nonsuit or direct a verdict for defendant, though there was evidence to the contrary; the weight of the testimony being for the jury.

Before PRINCE, J., Greenville, April, 1921. Affirmed.

Action by J. B. Medlock against Charles McAlister. Judgment for plaintiff and defendant appeals.

Note: On liability of landlord for injury to servant of tenant by elevator, see note in L. R. A., 1916, F. 1146, 1147.

5 S C.—120.

*Messrs. Martin & Blythe,* for appellant, cite: *Degree of care required of owner of building toward a tenant in operation of elevator:* 9 Cooley Torts (3rd Ed.), 1378; 9 R C. L., Sec. 2; 166 N. Y., 188; 52 L. R. A., 922; 88 Am. St. Rep., 384; Ann. Cas., 1915B, 568; 2 L. R. A. (N. S.), 744; Ann. Cas., 1914B, 308. *No evidence of defect or negligence:* 52 L. R. A., 928. *And negligence will not be assumed from fact that appliance failed or broke in use:* 69 S. C., 529; 66 S. C., 256; 72 S. C., 398; 75 S. C., 102; 97 S. C., 112. *Even if relationship was carrier and passenger nonsuit should have been granted:* 82 S. C., 345; 77 S. C., 148.

*Messrs. J. J. McSwain* and *J. Robert Martin,* for respondent, cite: *Owner of building is carrier in operation of elevator:* 10 A. & E. Enc. L. (2nd Ed.), 946. *And such as is charged with highest degree of care for the safety of passengers:* Ann. Cas., 1915B, 570; Hutch. Carriers (3d Ed.), Sec. 100; 1 Thomp. Neg. Sec. 1078; 9 R. C. L., 1250; 107 S. C., 1. *Nonsuit improper:* 42 S. C., 466; 76 S. C., 63; 71 S. C., 156; 103 S. C., 327; 86 S. C., 304; 98 S. C., 129; 86 S. C., 231; 74 S. C., 90; 83 S. C., 272; 110 S. C., 566; 69 S. C., 107; 75 S. C., 156; 94 S. C., 412.

May 25, 1922.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from a judgment, entered up for $2,500 actual damages on verdict of jury. The cause was tried before Judge Prince and a jury at the April term of Court, 1921, for Greenville County. The exceptions, two in number, subdivided, allege error on the part of his Honor in not granting a motion made by the defendant for nonsuit, or to direct a verdict for the defendant on the grounds on which it was made.

The action was for damages for personal injuries, and the complaint alleges two acts of negligence, "furnishing a

defective and unsafe elevator," and "negligence in the opera-
tion of the elevator."  On the motion for nonsuit it was con-
tended that by reason of the relationship of landlord and
tenant ordinary care only was due; the respondent contend-
ing that the duty owing was that of carrier and passenger,
the highest degree of care.

The court overruled the motion for nonsuit, but
ruled that the defendant was not a common carrier
of passengers for hire, and for that reason owed the
respondent only ordinary care.  In this his Honor was cor-
rect.  The appellant, under the evidence developed, did owe
the respondent ordinary and reasonable care, and his Honor
was correct in submitting this issue to the jury, which he
did, in a clear and comprehensive charge.

There was testimony tending to prove the allegations
of negligence, as set forth in the complaint, on the
part of defendant, even though there was a conflict
between the witness of plaintiff and defendant.  The jury
was to determine the weight of such testimony, and his
Honor committed no error in refusing to grant a nonsuit
or to direct a verdict as asked for.

All exceptions are overruled, and judgment affirmed.

CHIEF JUSTICE GARY, and MESSRS. JUSTICES COTHRAN
and MARION, concur.

MR. JUSTICE FRASER (concurring) :  I concur with MR.
JUSTICE WATTS.

It is not denied that the plaintiff was injured by the ele-
vator.  I see no question of law in this case.  The exceptions
raise only a question of fact.  The specifications of negli-
gence are a defective elevator and negligent operation of
the elevator.  It is immaterial whether the plaintiff's foot
was injured by the floor of the second or third floor.  The
undisputed fact is that he was injured by the elevator.
There is evidence to show that the elevator was in the habit
of falling several feet, and that the defendant admitted that

he had had trouble with it.    There is evidence to show that the elevator, either from a defect in the machine or its operation, was causing trouble, and the defendant knew it. There was expert evidence that the elevator could in no event fall more than 11 feet.    There was no positive evidence that as a matter of fact it did fall 30 feet.    That was a question for the jury.    The defendants' witness said:

"If I were to see an elevator fall 2 or 3 feet, I would think something was absolutely wrong.    I have never seen it in 35 years' experience."

There was positive evidence that it did fall repeatedly.

For these reasons, I concur with MR. JUSTICE WATTS.