17784

Mrs. George H. KING, Respondent, v. J. C. PENNEY COMPANY, Appellant

(120 S. E. (2d) 229)

*Messrs. Price & Poag,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Respondent,*

May 15, 1961.

TAYLOR, Acting Chief Justice.

This appeal comes from the Court of Common Pleas for Greenville County where plaintiff brought an action to recover damages for personal injuries allegedly occasioned while using the escalator in defendant's store.

Timely motions were made for nonsuit, directed verdict, and judgment *n. o. v.*, all upon the ground that there was no evidence of negligence on the part of defendant which would justify submitting the case to the jury. These motions were denied and defendant appeals.

Defendant has in use in its store in the City of Greenville an escalator for the use of its patrons; and plaintiff used this escalator on a number of occasions prior to and including the day in question when she ascended to the second floor. With her at the time were a friend, a Mrs. Smith, and plaintiff's crippled daughter, four year old Karen King. Plaintiff testified that when the daughter stepped upon the escalator it "jerked and she fell  *  *  *. I reached to get her. I stepped on the escalator and it gave a jerk and I went down * * *. The step comes out and goes down * * *. It hit me at least 12 or 15 times * * *. I got to my feet and rode the escalator down."

The child fell when she first stepped on the escalator; and on cross examination, plaintiff, in further describing what occurred, stated that "it jerked the child out of my hand * * *. When I stepped on I was jerked down too."

Plaintiff was administered first aid to her leg then went to the shoe department where she purchased a pair of "slides," at which time she asked the man who sold her the shoes "why there wasn't one person designated to stop the escalator in case of an accident and he said all the clerks had been instructed and cautioned to listen for screams and to watch and if an accident occurred to turn the escalator off." Thereafter, she went to the doctor's office where he "put some medicine on the leg and tied it up in an elastic bandage." Approximately nine months after the injury, she visited the doctor for treatment of a back condition which allegedly had been aggravated by the fall.

Plaintiff's other witness, Mrs. Smith, who had accompanied plaintiff on the occasion, testified that when the child stepped on the escalator "something jerked" and the mother reached down to get her daughter and fell. Mrs. Smith signed a written statement prior to time of trial in which no mention was made of the escalator jerking but stating that plaintiff lost her balance when she reached for the child. Upon trial, however, she testified that the jerk caused Mrs. King to lose her balance.

There is uncontradicted testimony to the effect that the escalator in question is a standard type, single file Peeley Motor Stairs escalator, equipped with an automatic safety device, which in case of a jerk or change in speed would become activated, automatically stopping the escalator immediately, and that stop buttons for manually stopping the escalator were located at top and bottom.

South Carolina has consistently refused to adopt the doctrine of *res ipsa loquitur* although it is the law in many other jurisdictions. In this State it is well settled that the burden rests upon the party to prove negligence.

This burden cannot be met by relying upon the theory that the thing speaks for itself or that the very fact of injury indicates negligence, *Gilland v. Peter's Dry Cleaning Co.,* 195 S. C. 417, 11 S. E. (2d) 857; *Perry v. Carolina Theatre,* 180 S. C. 130, 185 S. E. 184. In order, therefore, for a plaintiff to recover damages, she must prove by the greater weight or preponderance of the evidence not only the injury but also that it was caused by the actionable negligence of the defendant.

In *Medlock v. McAlister,* 120 S. C. 65, 112 S. E. 436, with reference to operation of elevators, this Court approved the ruling of the trial Court, on motion for nonsuit, that the owner was charged with the exercise of ordinary and reasonable care as to its operation rather than the high degree of care similar to that imposed upon common carriers; and the same law is generally applied to owners of escalators as is applied to owners of elevators, 18 Am. Jur., Sec. 84, page 567; *Petrie v. Kaufmann & Baer Co.,* 291 Pa. 211, 139 A. 878; *White v. Sears, Roebuck and Company,* 4 Cir., 242 F. (2d) 821, 66 A. L. R. (2d) 491, 494, Headnote 6.

Plaintiff testified that an employee, the salesgirl at the candy counter, told her that she had been instructed to turn off the escalator in case of accident or emergency and that "there had been numbers of accidents on it," but there is no evidence as to the nature or the cause of the accidents. The fact of injury does not of itself establish negligence on the part of defendant; and there is no evidence that defendant had any knowledge that the escalator was defective if, in fact, it was. There is undisputed evidence that when one of the employees, upon hearing plaintiff's screams, rushed to press the stop button, he found the escalator functioning normally with plaintiff and others descending normally in a standing position, that it continued to function normally afterward and was not in any way defective. However, considering the evidence most favorable to plaintiff, we find she stated it jerked twice. Witness Smith

stated it jerked one time, but there is no evidence that defendant had any knowledge of similar malfunctions prior thereto or that the escalator was in anywise defective in such a manner as to charge it with actionable negligence. Defendant is charged with exercising ordinary and reasonable care towards those who use the escalator and not the highest degree of care as in case of a common carrier of passengers for hire. For annotations on this subject see Injuries on Escalators, 152 A. L. R. 562; and Escalator—Liability for Injury, 66 A. L. R. (2d) 496.

For the foregoing reasons, we are of opinion that the verdict and judgment appealed from should be reversed and set aside and judgment entered for defendant; and it is so ordered. Reversed.

OXNER, LEGGE and Moss, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.