Vonda Kay Thomas **ROBINSON, Plaintiff,**

v.

**ESTATE OF David Earl WILLIAMS, Deceased, Jean Williams, Administratrix, Defendant.**

**Civ. A. No. E88–0044(L).**

United States District Court, S.D. Mississippi, E.D.

Feb. 10, 1989.

Joe R. Odom, Adams & Odom, Meridian, Miss., for plaintiff.

William E. Ready, Meridian, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Plaintiff has timely responded and the court has considered the memorandum of authorities together with attachments submitted by the parties.

Rule 56 allows for the entry of summary judgment only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. It is well settled that

a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

---

1. Plaintiff has also moved for summary judgment pursuant to Rule 56. Because the granting of defendant's motion renders that motion moot, it will be denied.

any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1985). In response to such a motion, the nonmoving party, by affidavit or otherwise, must set forth specific facts which show the existence of a genuine issue for trial. Summary judgment may be granted against the nonmovant who

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552.

Plaintiff Vonda Kay Thomas Robinson brought this action against the estate of David Earl Williams, the deceased sheriff of Clarke County, Mississippi, Jean Williams, Administratrix, seeking damages for the wrongful death of her husband who was murdered at the hands of two escapees from the Clarke County Jail. On April 25, 1986, Robert Minnick and James Dyess were confined in the Clarke County Jail.

At approximately 7:00 p.m. on that date, Minnick and Dyess escaped from the jail by unknown means. Sometime the following day, plaintiff's decedent, Donald Ellis Thomas, was killed by Minnick and/or Dyess. Plaintiff alleges that Minnick and Dyess were allowed to escape from the Clarke County Jail through the negligence of the sheriff and/or through the negligence of his agents, servants or employees, and due to dangerously inadequate security. She also alleges that the sheriff was negligent in failing to properly inform other law enforcement authorities and the general public of the escape.[2]

Defendant bases the present motion upon, *inter alia,* the absence of any duty on the part of a sheriff to individual members of the public under the circumstances of this case.[3] Under Mississippi law, for actionable negligence to exist, the defendant must owe a legal duty to the plaintiff —or, as here, to the plaintiff's decedent. *Karpovs v. State of Mississippi,* 663 F.2d 640, 649 (5th Cir.1981) (citing *J.C. Penney Co. v. Sumrall,* 318 So.2d 829 (Miss.1975); *Stanley v. Morgan & Lindsey, Inc.,* 203 So.2d 473 (Miss.1967)). A sheriff in this state is charged with the duty to "take into his custody, and safely keep, in the jail of his county" all persons committed thereto. Miss.Code Ann. § 19–25–35 (1972). He has "charge of the ... jail of his county, of the premises belonging thereto, and of the prisoners in said jail." Miss.Code Ann. § 19–25–69. Also, "if there be danger of escape ... of any prisoner therein ... it [is] the duty of the sheriff or jailer to summon a sufficient guard to protect and secure such prisoner ... so long as the same may be necessary and no longer."

2. Plaintiff responded to defendant's motion with the affidavits of Charles Wright, District Attorney for the Tenth Judicial District on the date of the murder of plaintiff's decedent, and of a Meridian, Mississippi police department detective. The affidavit of Wright regarding knowledge of the prisoners' records and propensities has no relevance to the case in that it speaks only to the knowledge of the affiant. The affidavit of the detective presents no facts of any relevance to the court's resolution of the present motion. Plaintiff also presented newspaper articles concerning the escape and subsequent murder. Such evidence would be inadmissible as hearsay for purposes of this motion.

3. Defendant's motion also raises qualified immunity, statutes of limitations and a "totality of the circumstances" defense as grounds for summary judgment. Due to disposition of this case on the "duty" question, the court need not address these additional issues.

Miss.Code Ann. § 19–25–75.[4] These duties imposed upon the sheriff are duties owed to the public as a whole. As far as the court can determine, no Mississippi court has squarely addressed the duty issue presented herein.[5] However, from the Mississippi authorities discussed, the court finds it highly unlikely that the Mississippi courts would consider the sheriff to have owed a duty of care to plaintiff's decedent. The sole factor which distinguishes plaintiff's decedent from the populace of Clarke County is the harm he suffered allegedly as a result of the sheriff's negligence. This, according to longstanding Mississippi law, is clearly insufficient to establish a duty of care owing to him in particular:

> [W]hen the duty imposed upon an officer is one solely to the public, the failure to perform it, or an erroneous or negligent performance, is regarded as an injury to the public and not to an individual member of the public; and an individual harmed thereby may not have redress against the officer *unless the individual had in it such a direct and distinctive interest as to set him apart from all others of the public in respect to it, and the fact of the injury does not in itself serve to make out the direct and distinctive interest which is essential.*

*State v. Matthews,* 18 So.2d 156 (Miss.1944) (emphasis added).

Other courts which follow the rule as it stands in Mississippi hold that without a "special relationship between the sheriff and an individual, the sheriff's duty is 'a public duty, for neglect of which the officer is answerable to the public and punishable by indictment.'" *See, e.g., Martin v. Malhoyt,* 830 F.2d 237, 259 (D.C.Cir.1987) (quoting *South v. Maryland,* 59 U.S. 396, 403, 15 L.Ed. 433 (1856)). Plaintiff has produced no evidence which would establish a special relationship between herself and/or her decedent and the sheriff. Thus, she has failed to demonstrate the existence of an essential element of her case: that the sheriff owed a duty of care to plaintiff or her decedent.

Accordingly, the court is of the opinion that defendant's motion for summary judgment should be granted. A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.

---

4. Although defendant has recognized the error, both parties mistakenly cited section 19–5–1 as conferring a duty on the sheriff. That statute refers only to the duty of the Board of Supervisors to conduct annual examinations into the safety of the jail and to "from time to time take such legal measures as may best tend to secure the prisoners against escape ..." It also permits the Board to find a sheriff in contempt where he has been negligent in keeping the prisoners.

5. The Fifth Circuit has considered this question under similar facts, but its analysis was based upon well developed Louisiana law. *See Nelson v. Parish of Washington,* 805 F.2d 1236 (5th Cir.1986). In determining whether a governmental custodian is liable to a victim who was harmed by a prisoner whose escape was negligently permitted, the Louisiana courts consider five elements: (1) whether the escapee had a propensity for violence that was known or should have been known to his jailers; (2) whether the escapee was incarcerated to protect the public against the particular type of intentional harm he perpetrated against the victim; (3) whether the escapee posed a particular risk of escape that was known or should have been known to his jailers; (4) whether the injury occurred during the process of escaping; and (5) what relationship the time and place of the injury have to the escape. *Nelson,* 805 F.2d at 1240. Even if the court were of the opinion that Mississippi would adopt Louisiana's approach to this issue, plaintiff has failed to meet defendant's summary judgment motion with any specific facts or evidence which would be sufficient to satisfy any of these crucial elements.