523 S.E.2d 204

**Carmell WASHINGTON, Appellant,**

v.

**LEXINGTON COUNTY JAIL, County of Lexington, South Carolina Department of Corrections, and The State of South Carolina, Respondents.**

**No. 3056.**

Court of Appeals of South Carolina.

Submitted Sept. 8, 1999.

Decided Oct. 11, 1999.

402

Johnny E. Watson, of Columbia, for appellant.

Wilburn Brewer, Jr. and Thomas C.R. Legare, Jr., both of Nexsen, Pruet, Jacobs & Pollard, of Columbia, for respondents.

GOOLSBY, Judge:

Carmell Washington sued the Lexington County Jail (Jail), the County of Lexington (County), the South Carolina Department of Corrections (SCDOC), and the State of South Carolina (State) (collectively, the respondents), seeking actual and punitive damages plus costs and expenses based on the respondents' failure to properly supervise an inmate. The trial court dismissed the action pursuant to Rule 12(b)(6), SCRCP, finding that the respondents did not owe a duty to Washington. In the alternative, the trial court ruled that the respondents were immune from suit under the South Carolina Tort Claims Act (Tort Claims Act). Washington appeals. We affirm.[1]

## FACTS

On the morning of June 9, 1995, James Albert Church, a SCDOC inmate who had been assigned to the Jail, stole a car and escaped from a work detail near the Lexington County Courthouse. Church drove to Richland County, where he entered Washington's residence, changed clothes, and stole Washington's car. Having worked the third shift from 11:00 p.m. to 7:00 a.m., Washington was at home asleep when Church entered the house. Washington alleges he suffered

---

[1]. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

great anxiety, extreme emotional distress, and post traumatic stress as a result of this break-in.

Washington filed this action claiming the respondents were liable because they were negligent, willful, wanton, careless, and grossly negligent in: (1) failing to maintain a proper control of Church; (2) failing to prevent Church from having access to a vehicle while knowing he was serving a sentence for auto theft; (3) failing to properly supervise Church; and (4) failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances.

In lieu of answering, each defendant filed a Rule 12(b)(6) motion to dismiss the action. The trial court granted the motions, finding that the respondents owed only a duty to the public at large, and not to Washington individually. Alternatively, the trial court held the respondents were immune from suit under section 15–78–60(20) and (21) of the Tort Claims Act.

## STANDARD OF REVIEW

The ruling on a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth in the complaint. *Holy Loch Distribs. v. Hitchcock,* 332 S.C. 247, 503 S.E.2d 787 (Ct.App.1998) (citing *State Bd. of Medical Examiners v. Fenwick Hall, Inc.,* 300 S.C. 274, 387 S.E.2d 458 (1990)). The motion will not be sustained if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to relief on any theory of the case. *Stiles v. Onorato,* 318 S.C. 297, 457 S.E.2d 601 (1995). The question to be considered is whether in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief. *Toussaint v. Ham,* 292 S.C. 415, 357 S.E.2d 8 (1987).

## DISCUSSION

The Tort Claims Act governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against the government. *Murphy v. Richland Memorial Hosp.,* 317 S.C. 560, 455 S.E.2d 688 (1995). Under the Tort Claims Act, a governmental entity is liable for

its torts "in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations ... contained herein." S.C.Code Ann. § 15–78–40 (Supp.1998).

To recover for negligence, a plaintiff must show: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach. *South Carolina Ins. Co. v. James C. Greene & Co.*, 290 S.C. 171, 348 S.E.2d 617 (Ct.App.1986). The absence of any one of these elements renders the cause of action insufficient. *South Carolina State Ports Authority v. Booz–Allen & Hamilton Inc.*, 289 S.C. 373, 346 S.E.2d 324 (1986). The existence of a duty owed is a question of law for the courts. *Ballou v. Sigma Nu General Fraternity*, 291 S.C. 140, 352 S.E.2d 488 (Ct.App. 1986).

The trial court held Washington could not recover in negligence because the respondents owed no duty to him. The trial court held that any duty owed to Washington was in fact a public duty owed to the public at large and not to Washington individually. We agree.

Under the public duty rule, public officials are generally not held liable to individuals for negligence in discharging public duties because the duty is owed to the public at large and not to any one individual. *Wells v. City of Lynchburg*, 331 S.C. 296, 501 S.E.2d 746 (Ct.App.1998). "The public duty rule is a negative defense which denies an element of the plaintiff's cause of action—the existence of a duty of care to the individual plaintiff. The burden is on the plaintiff to show a duty of care was owed to him." *Rayfield v. South Carolina Dep't of Corrections*, 297 S.C. 95, 106–07, 374 S.E.2d 910, 916 (Ct.App.1988).

Our supreme court has held that police officers owe a duty of care to the public at large and not to any one individual. In *Wyatt v. Fowler*, 326 S.C. 97, 484 S.E.2d 590 (1997), Wyatt sued the sheriff and his deputies in common-law negligence over events arising out of the serving of an arrest warrant. Fowler maintained that he could not be sued in negligence because any duty owed to Wyatt was in fact a duty

owed to the public only. Our supreme court agreed and held that the police owe a duty to the public at large and not to any one person individually. *Id.*

■ We find the situation of guards who maintain custody of inmates analogous to that of police officers who owe a duty generally to society rather than to any one individual. Accordingly, we hold that those who maintain custody of prisoners or inmates do so for the protection of the public and are, therefore, not liable to individuals for damages caused by an escaped inmate under the public duty rule.[2]

■ An exception to the public duty rule, however, is recognized when a plaintiff can establish that the defendant owed him an individual or special duty of care. *Bellamy v. Brown*, 305 S.C. 291, 408 S.E.2d 219 (1991). This special duty may be created by statute or some other special circumstance. *Wells*, 331 S.C. at 306, 501 S.E.2d at 752. Generally, however, a person has no duty to protect another from harm inflicted by a third person. *Rayfield* 297 S.C. at 101–02, 374 S.E.2d at 913.

■ Washington cites South Carolina Code § 23–17–70 [3] as creating a special duty owed to him by the respondents. A special duty may be created by statute if:

(1) an essential purpose of the statute is to protect against a particular kind of harm;

(2) the statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not to cause the harm;

**2.** Other jurisdictions have similarly held that those who maintain custody of prisoners are not liable to individuals for damages caused by an escaped inmate under the public duty rule. *See Department of Corrections v. McGhee*, 653 So.2d 1091 (Fla.Dist.Ct.App.1995), *aff'd, McGhee v. Department of Corrections*, 666 So.2d 140 (Fla.1996); *Chivas v. Koehler*, 182 Mich.App. 467, 453 N.W.2d 264 (1990); *Robinson v. Estate of Williams*, 721 F.Supp. 806 (S.D.Miss.1989); *Sebastian v. State of New York*, 250 A.D.2d 260, 680 N.Y.S.2d 370 (1998).

**3.** "The sheriff shall be liable for the negligent escape of any prisoner on mesne or final process to such damages as the plaintiff may have sustained. The insolvency of the prisoner shall not mitigate the damages below the amount sufficient to carry costs." S.C.Code Ann. § 23–17–70 (Supp.1998).

(3) the class of persons the statute intends to protect is identifiable before the fact;

(4) the plaintiff is a person within the protected class;

(5) the public officer knows or has reason to know of the likelihood of harm to members of the class if he fails to do his duty; and

(6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office.

*Tanner v. Florence County Treasurer,* 336 S.C. 552, 562, 521 S.E.2d 153, 158 (1999).

We believe section 23–17–70 creates no special duty to Washington. When read in conjunction with section 23–17–60, it is clear that recovery under section 23–17–70 is authorized for damages suffered when a prisoner escapes the sheriff's custody after the prisoner has been committed to custody of the sheriff in a civil action and not in a criminal action. *E.g., Conyers v. Rhame,* 45 S.C.L. 60 (1857); *Hall v. Taggart,* 23 S.C.L. 368 (1838).

Because we hold the respondents did not owe Washington a duty of care separate and apart from that owed to the public at large, we need not reach the issues of immunity under the Tort Claims Act.

**AFFIRMED.**

CONNOR and ANDERSON, JJ., concur.