**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jennifer Harmon Scott, Appellant,

v.

Allen L. Fortner and Jason C. Griffin, Respondents.

Appellate Case No. 2012-213600

———————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-092
Heard January 16, 2014 – Filed March 5, 2014

———————

**AFFIRMED**

———————

Jon Eric Newlon, of McCravy Newlon & Sturkie Law Firm, P.A., of Greenwood, for Appellant.

Jack D. Griffeth and Ross Buchanan Plyler, both of Collins & Lacy, PC, of Greenville, for Respondents.

———————

**PER CURIAM:** In this civil appeal, Jennifer Harmon Scott argues the trial court erred (1) by failing to grant her motion for a directed verdict on all the elements of liability, (2) by failing to grant her motion for a directed verdict as to Allen L. Fortner and Jason C. Griffin's (Respondents) comparative fault defense, and (3) by

failing to grant her post-trial motions for a judgment notwithstanding the verdict (JNOV), new trial absolute, and new trial pursuant to the thirteenth juror doctrine. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Scott's motion for a directed verdict on the issue of liability, we affirm. *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 430, 540 S.E.2d 113, 117 (Ct. App. 2000) (stating "[o]ur review of an action at law tried by a jury extends merely to correcting errors of law[,]" and "[w]e will not disturb the facts determined by the jury unless there is no evidence which reasonably supports the jury's findings"); *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) ("A trial [court], when ruling on a motion for directed verdict, must view the evidence in the light most favorable to the non-moving party."); *Hinds v. Elms*, 358 S.C. 581, 585, 595 S.E.2d 855, 857 (Ct. App. 2004) ("Liability encompasses all elements of a negligence claim, including damages proximately caused by the alleged negligence."); *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 189, 691 S.E.2d 170, 173 (Ct. App. 2010) ("In order to succeed in a negligence cause of action, the plaintiff must establish (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages."); *King v. J.C. Penny Co.*, 238 S.C. 336, 339, 120 S.E.2d 229, 230 (1961) ("[I]t is well settled that the burden rests upon the party to prove negligence."); *Moore v. Weinberg*, 373 S.C. 209, 221, 644 S.E.2d 740, 746 (Ct. App. 2007) *aff'd,* 383 S.C. 583, 681 S.E.2d 875 (2009) (holding the trial court "must determine, as a matter of law, whether the law recognizes a particular duty[,]" and "[i]f a duty does exist, the jury then determines whether a breach of the duty that resulted in damages occurred"); *King*, 238 S.C. at 339-40, 120 S.E.2d at 230 (explaining that South Carolina does not recognize the doctrine of *res ipsa loquitur*, which is the theory that "the thing speaks for itself," and the plaintiff's burden cannot be met by relying upon that theory or that the very fact of injury indicates negligence); *Burnett*, 387 S.C. at 191, 691 S.E.2d at 175 ("Only on the rarest occasion should the trial court determine the issue of proximate cause as a matter of law.").

2. As to whether the trial court committed reversible error by denying Scott's motion for a directed verdict on the issue of comparative negligence, we affirm. *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) ("Under comparative negligence, the plaintiff's contributory negligence does not bar recovery unless that negligence exceeds defendant's [negligence]."); *id.* ("A trial

[court], when ruling on a motion for directed verdict, must view the evidence in the light most favorable to the non-moving party.  In a comparative negligence case, the trial court should grant the motion if the sole reasonable inference from the evidence is the non-moving party's negligence exceeded fifty percent." (citations omitted)); *Jensen v. Conrad*, 292 S.C. 169, 172, 355 S.E.2d 291, 293 (Ct. App. 1987) (holding that a judgment will not be reversed for insubstantial errors not affecting the result).

3.  As to whether the trial court erred in denying her motions for JNOV, a new trial absolute and a new trial pursuant to the thirteenth juror doctrine, we affirm. *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000) ("When reviewing the denial of a motion for . . . JNOV, this [c]ourt must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 300, 536 S.E.2d at 418 ("'This [c]ourt will reverse the trial court only when there is no evidence to support the ruling below.'" (quoting *Steinke v. S.C. Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999))); *Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996) ("The grant or denial of new trial motions rests within the discretion of the trial [court] and [its] decision will not be disturbed on appeal unless [its] findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *Folkens v. Hunt*, 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990) ("The thirteenth juror doctrine is a vehicle by which the trial court may grant a new trial absolute when he finds that the evidence does not justify the verdict.  This ruling has also been termed granting a new trial upon the facts."); *id.* at 254-55, 387 S.E.2d at 267 ("A trial [court's] order granting or denying a new trial upon the facts will not be disturbed unless [its] decision is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.").

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, concur.**