**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jennifer D. Bowzard, Appellant,

v.

Sheriff Wayne Dewitt and Berkeley County Sheriff's Office, Respondents.

Appellate Case No. 2013-001482

———————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-333
Heard March 4, 2015 – Filed July 1, 2015

———————

**AFFIRMED**

———————

Lawrence C. Kobrovsky, of Law Offices of Lawrence C. Kobrovsky, of Charleston, and John E. Parker and William Franklin Barnes, III, both of Peters, Murdaugh, Parker, Eltzroth & Detrick, PA, of Hampton, for Appellant.

Sandra J. Senn and Robin Lilley Jackson, both of Senn Legal, LLC, of Charleston, for Respondents.

———————

**PER CURIAM:**  Jennifer D. Bowzard (Bowzard) brought this tort action for mental injuries against Sheriff Wayne Dewitt and Berkeley County Sheriff's Office (Respondents), alleging gross negligence in regard to Respondents' detention of James Sanders (Sanders), who had been charged with criminal domestic violence of a high and aggravated nature (CDVHAN) and violation of an order of protection involving Bowzard.  Bowzard appeals from an order of the trial court granting summary judgment in favor of Respondents, finding Respondents were immune from liability under South Carolina Code sections 15-78-60(3), (4), (5), (6), (20), and (21) (2005) of the South Carolina Tort Claims Act.  We affirm.

1.      As to Bowzard's assertion this court should interpolate a gross negligence exception to all of Respondents' asserted defenses based upon *Steinke v. S.C. Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 520 S.E.2d 142 (1999) because South Carolina Code section 15-78-60(25) (2005) would be applicable to this matter and this subsection provides a gross negligence exception to immunity, we find this argument is not preserved.  Respondents filed a motion for summary judgment asserting they were immune from liability pursuant to sections 15-78-60(3), (4), (5), (6), (20), and (21).  At the hearing on the motion for summary judgment, Bowzard argued that none of the subsections under the Tort Claims Act asserted by Respondents applied, summarily asserted the reasons why some of the individual subsections would not apply to the case, and contended only section 15-78-60(25), which includes a "gross standard," would apply.  In other words, Bowzard's argument to the trial court was that none of the immunity provisions relied upon by Respondents applied, the only immunity provision of the Tort Claims Act that could apply to the facts of this case was subsection (25), and subsection (25) provided an exception to immunity if Respondents were grossly negligent.  At no time did Bowzard argue to the trial court that a gross negligence exception should be interpolated to the various subsections relied upon by Respondents for immunity. Thus, Bowzard did not raise this argument to the trial court.[1]  Further, even assuming arguendo her summary assertion to the trial court—

---

[1] During oral argument, Bowzard's appellate counsel argued the matter was raised by virtue of the fact that during the summary judgment hearing, Respondents' attorney acknowledged the gross negligence standard applied and the trial court also applied the gross negligence standard.  This is not an accurate reflection of the hearing.  The record shows Bowzard's complaint alleged Respondents were grossly negligent.  In response, Respondents' attorney merely noted their summary judgment motion asserted there was no gross negligence, and additionally asserted they were entitled to immunity under the Torts Claims Act and on the ground that section 23-17-70 (2007) was not applicable.  Further, the trial court never stated a

that section 15-78-60(25) was applicable and that it included a "gross standard"—was sufficient to raise the matter, the trial court did not rule on whether a gross negligence exception should be interpolated to the subsections relied upon by Respondents, [2] and Bowzard did not thereafter file a motion to alter or amend the judgment on that ground. Accordingly, this argument it is not preserved for our review. *See Pikaart v. A & A Taxi, Inc.*, 393 S.C. 312, 324, 713 S.E.2d 267, 273 (2011) ("A matter may not be presented for the first time on appeal; rather, it must have been both raised to and ruled upon by the court below."); *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 311, 698 S.E.2d 773, 779 (2010) (holding, in order for an issue to be properly preserved for appeal, it must have been both raised to and ruled on by the trial court, and where the trial court's order did not address appellant's argument and appellant did not bring the absence of this issue to the trial court's attention in a motion to alter or amend, the issue was not preserved); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (holding, to be preserved for appellate review, an issue must have been: (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with

---

gross negligence "exception" applied to the matter. Instead, in considering whether there was even any evidence of gross negligence on the part of Respondents, the trial court simply acknowledged that there was a question as to whether, as asserted by Bowzard, the loosening of Sanders's handcuffs which allowed him to easily walk away from the jail constituted gross negligence. In other words, this is just one of the arguments the trial court was mulling. It appears Bowzard is confusing whether she alleged Respondents were grossly negligent and whether a gross negligence "standard" would apply, with whether she asserted that a gross negligence "exception" should apply to the immunity granted in other subsections of 15-78-60 which do not otherwise carry a gross negligence exception to immunity. At any rate, it remains clear that Bowzard never argued below, as she does on appeal, that a gross negligence standard should be interpolated as an exception to the subsections relied upon by Respondents for immunity based upon section 15-78-60(25) containing a gross negligence exception to immunity.

[2] The trial court simply ruled Respondents were immune from liability regarding the escape based upon sections 15-78-60(20) and (21), and never addressed whether a gross negligence exception to immunity would apply before they would be entitled to such immunity or whether the actions of Respondents could constitute gross negligence.

sufficient specificity); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (stating imposing preservation requirements on the appellant is meant to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments, and noting that the purpose of an appeal is to determine whether the trial court erroneously acted or failed to act, and when appellant's contentions are not presented or passed upon by the trial court, such contentions will not be considered on appeal); *id.* ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

2.      In regard to Sanders's escape, we find the trial court properly granted summary judgment to Respondents pursuant to section 15-78-60(21) of the South Carolina Code.  This section provides that a "governmental entity is *not liable for a loss resulting from*: . . . the decision to or implementation of release, discharge, parole, or furlough of any persons in the custody of any governmental entity, including but not limited to *a prisoner*, inmate, juvenile, patient, or client or the *escape* of these persons."  S.C. Code Ann. § 15-78-60(21) (emphasis added).  First, we disagree with Bowzard's assertion that Sanders's actions on the day in question could constitute anything other than escape.  While handcuffed to a bench, Sanders managed to slip his hand free.  He waited and furtively watched until an electronic door was opened for Sgt. Sanders, and he then slipped out of that door.  Although Sgt. Sanders apparently questioned Sanders about still having his armband once she saw Sanders outside, there is no evidence the officer had any understanding of Sanders's custody status or realized Sanders had walked away from lawful confinement, thus it is not reasonable to argue she knowingly allowed Sanders to walk away from custody.  The only evidence is that Sanders escaped from Respondents' custody.[3]  Additionally, Bowzard's trial counsel failed to argue to the trial court, as she does on appeal, that section 15-78-60(21) should be read with a gross negligence exception based upon section 15-78-60(25) containing a gross negligence standard, and this argument is not preserved for review.  *See Pikaart*, 393 S.C. at 324, 713 S.E.2d at 273 ("A matter may not be presented for the first time on appeal; rather, it must have been both raised to and ruled upon by the court below.").  Finally, Bowzard's trial counsel also never argued section 15-78-60(21) should not apply to give Respondents immunity based upon any conflict with section 23-17-70, and Bowzard cites no law to support this position.  *See id.* ("A matter may not be presented for the first time on appeal; rather, it must have been

_____

[3] We also note that at oral argument, Bowzard's appellate counsel twice agreed that Sanders had, in fact, escaped.

both raised to and ruled upon by the court below."); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting an issue is deemed abandoned where appellant fails to provide arguments or supporting authority for his assertion); *Eaddy v. Smurfit-Stone Container Corp.*, 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct. App. 2003) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not preserved for our review."). Accordingly, we find no error in the trial court's determination that Respondents were entitled to immunity pursuant to section 15-78-60 (21) and affirm summary judgment as to the matter of escape on this basis.

3.      In regard to Bowzard's claim concerning the phone calls and contact made from Sanders to her while Sanders was in jail, we find Bowzard failed to challenge an alternate ruling of the court. Specifically, as an alternate ground for granting summary judgment on Bowzard's allegations concerning the contact, the trial court found Bowzard "only alleges in her complaint that she suffered her injuries after [Sanders's] escape," and "[t]hus, [Sanders's] phone calls to her from the Detention Center, occurring before his escape, could not have been a proximate cause for this alleged injury."[4] Bowzard does not challenge this determination concerning proximate cause on appeal. Because Bowzard failed to appeal this alternate ruling by the trial court, we affirm under the two issue rule. *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case.").

4.      As to Bowzard's arguments concerning sections 23-15-50 (2007) and 23-17-70, we find her assertion that the trial court should not rely on the affidavit of Lt. Jacumin is not preserved. At no time before the trial court did Bowzard ever challenge the court's consideration of this affidavit at all, much less argue it failed to comply with Rule 6(d) or 56(e), SCRCP, as she now argues on appeal. *See Pikaart*, 393 S.C. at 324, 713 S.E.2d at 273 ("A matter may not be presented for the first time on appeal; rather, it must have been both raised to and ruled upon by the court below."). Thus, the evidence supports the trial court's determination that, at the time of Sanders's escape, he was only being held on criminal charges. Further, even without consideration of Lt. Jacumin's affidavit, the record clearly

---

[4] In her complaint, Bowzard alleged as follows: "After [Sanders's] release, [Bowzard] suffered extreme fear and mental anguish which resulted in her having medical care to cope with this fear and mental anguish caused by [Sanders] being released."

demonstrates, though Sanders had not been released from custody at the time he escaped, he was not exposed to further detention based upon the civil charge but only based upon the CDVHAN charge.  Because Sanders was being held on a criminal charge and not a civil one, recovery is not authorized under section 23-17-70.  *See Washington v. Lexington Cnty. Jail*, 337 S.C. 400, 407, 523 S.E.2d 204, 207 (Ct. App. 1999) (holding section 23-17-70 does not create a special duty because "it is clear that recovery under section 23-17-70 is authorized for damages suffered when a prisoner escapes the sheriff's custody after the prisoner has been committed to custody of the sheriff in a civil action and not in a criminal action.").

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**