**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nationwide Property & Casualty Insurance Company,
Appellant,

v.

Gary McCombs and Ragan McCombs Albert,
Respondents.

Appellate Case No. 2014-001907

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-427
Submitted September 1, 2016 – Filed October 19, 2016

———————————

**AFFIRMED**

———————————

Trace M. Dillon, of The Dillon Law Firm, PC, of
Snellville, Georgia, for Appellant.

Andrew Steven Halio, of Halio & Halio, PA, of
Charleston, for Respondent Gary McCombs.

Helen F. Hiser, of McAngus Goudelock & Courie, LLC,
of Mount Pleasant, for Respondent Ragan McCombs
Albert.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP."); *Myatt v. RHBT Fin. Corp.*, 370 S.C. 391, 394, 635 S.E.2d 545, 547 (Ct. App. 2006) ("The trial court should grant summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *Miller v. Blumenthal Mills, Inc.*, 365 S.C. 204, 220, 616 S.E.2d 722, 730 (Ct. App. 2005) ("The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact."); *id.* ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *Chastain v. Hiltabidle*, 381 S.C. 508, 514, 673 S.E.2d 826, 829 (Ct. App. 2009) ("To survive a motion for summary judgment, the non-moving party must offer some evidence that a genuine issue of material fact exists as to each element of the claim."); *Johnson v. Jackson*, 401 S.C. 152, 159, 735 S.E.2d 664, 667-68 (Ct. App. 2012) ("To succeed in a negligence cause of action, the plaintiff must establish (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission; (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury; and (4) the plaintiff suffered an injury or damages."); *Watson v. Ford Motor Co.*, 389 S.C. 434, 453, 699 S.E.2d 169, 179 (2010) ("South Carolina does not follow the doctrine of *res ipsa loquitur*." (footnote omitted)); *King v. J. C. Penney Co.*, 238 S.C. 336, 340, 120 S.E.2d 229, 230 (1961) ("[T]herefore, for a plaintiff to recover damages, she must prove by the greater weight or preponderance of the evidence not only the injury but also that it was caused by the actionable negligence of the defendant."); *id.* ("This burden cannot be met by relying upon the theory that the thing speaks for itself or that the very fact of injury indicates negligence.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.