**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tina Bessinger, Appellant,

v.

LongCreek Plantation Property Owners Association, Inc., LongCreek Development, LLC, Fairways Development, LLC, Advantage Services, Inc., and Halcyon Real Estate Services, LLC, Respondents.

Appellate Case No. 2017-002181

---

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2020-UP-214
Submitted May 1, 2020 – Filed July 8, 2020

---

**AFFIRMED**

---

William R. Padget and Carl David Hiller, both of Finkel Law Firm, LLC, of Columbia, for Appellant.

Mark Steven Barrow and Brandon Robert Gottschall, both of Sweeny Wingate & Barrow, PA, of Columbia, for Respondent Fairways Development. Karl Stephen Brehmer, of Brown & Brehmer, of Columbia, and Connor Evan Johnson, of Hall Booth Smith, PC, of Mount Pleasant, both for Respondents LongCreek

Plantation Property Owners Association, Inc. and
Halcyon Real Estate Services, LLC.  Anthony W. Livoti,
of Murphy & Grantland, PA, and Megan Noelle Walker,
of Columbia, both for Respondent Advantage Services,
Inc.

---

**PER CURIAM:**  Tina Bessinger filed this negligence action against LongCreek
Plantation Property Owners Association, Inc. (LongCreek POA), LongCreek
Development, LLC (Developer), Fairways Development, LLC (Fairways),
Advantage Services, Inc., and Halcyon Real Estate Services, Inc. (Halcyon).  The
trial court granted summary judgment to all defendants except Developer
(collectively, Respondents).[1]  Bessinger appeals, arguing the trial court erred in
finding (1) Respondents did not owe her a duty of care, and (2) any alleged breach
of Respondents' duty of care was not the proximate cause of Bessinger's alleged
injuries.  We affirm.

1.  Bessinger argues the trial court erred in finding any alleged breach of
Respondents' duty of care was not the proximate cause of her alleged injuries.[2]

When reviewing grants of summary judgment, this court views the facts in the
light most favorable to the nonmoving party, draws all reasonable inferences in her
favor, and may grant summary judgment only if "there is no genuine issue as to
any material fact." *Gibson v. Epting*, 426 S.C. 346, 350, 827 S.E.2d 178, 180 (Ct.
App. 2019) (quoting Rule 56(c), SCRCP).  Summary judgment must be denied if
Bessinger demonstrates a scintilla of evidence in support of her claims.  *Id.*

The trial court found Bessinger failed to provide any evidence of proximate cause,
stating the following as to Advantage Services, Inc.:

> In the present case, [Bessinger] suggests the accident
> occurred when Ms. Edwards ran the stop sign because of
> an inability to see the sign due to the alleged overgrown
> trees.  However, in viewing all of the evidence in the
> light most favorable to [Bessinger], there is simply no
> testimony or evidence that Edwards even ran the stop
> sign.  [Bessinger] does not know how the accident

---

[1] Developer defaulted and is not a party to this appeal.
[2] Because Bessinger's second issue is dispositive, we address it first.

occurred, whether Edwards ran the stop sign, or even what Edwards did to cause the accident. No other witnesses have testified whether Edwards disregarded the stop sign or stopped at it and then pulled out in front of [Bessinger]. . . . It would be pure speculation that the cause of Ms. Edwards' pulling into the path of [Bessinger] was because she couldn't see the stop sign due to some breach of a duty . . . . Liability cannot rest on mere possibilities. *Young v. Tide Craft, Inc.*, 270 S.C. 453[, 470], 242 S.E.2d 671[, 679] (1978). [Bessinger] bears the burden of proof of proving . . . proximate cause . . . . Here[,] there is no such proof[,] and [Bessinger's] claim fails as a matter of law.

The court also noted the following as to proximate cause in granting summary judgment to LongCreek POA and Halcyon:

[Bessinger] and Ms. Edwards are the only two witnesses to the accident. [Bessinger] testified during her deposition that she does not know if the overgrown tree limb had anything to do with the accident, and she does not know why Ms. Edwards pulled out in front of her school bus. In addition, Ms. Edwards suffered memory loss as a result of the accident, and has no recollection of the accident whatsoever.

The court similarly found Bessinger failed to meet her burden of proof of causation as to Fairways. We likewise find Bessinger has raised merely the possibility that the tree limbs or shrubbery allegedly obscuring the stop sign caused the accident. *See McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 386, 684 S.E.2d 566, 569 (Ct. App. 2009) ("Negligence is not actionable unless it is a proximate cause of the injuries, and it may be deemed a proximate cause only when without such negligence the injury would not have occurred or could have been avoided." (quoting *Hanselmann v. McCardle*, 275 S.C. 46, 48-49, 267 S.E.2d 531, 533 (1980))); *King v. J. C. Penney Co.*, 238 S.C. 336, 340, 120 S.E.2d 229, 230 (1961) ("[F]or a plaintiff to recover damages, she must prove by the greater weight or preponderance of the evidence not only the injury but also that it was caused by the actionable negligence of the defendant."); *id.* ("This burden cannot be met by relying upon the theory that the thing speaks for itself or that the very fact of injury indicates negligence.").

2.  Bessinger argues the trial court erred in granting summary judgment on the basis Respondents did not owe Bessinger a duty of care.  Because we find Bessinger failed to meet her burden of proof on the causation element of her cause of action for negligence, we decline to address this argument.  *See Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999) (explaining a plaintiff in a negligence action must establish that: "(1) defendant owes a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages"); *Graham v. Town of Latta, S.C.*, 417 S.C. 164, 186, 789 S.E.2d 71, 82 (Ct. App. 2016) ("The absence of any one of these elements renders the cause of action insufficient." (quoting *Washington v. Lexington Cty. Jail*, 337 S.C. 400, 405, 523 S.E.2d 204, 206 (Ct. App. 1999))); *State v. Allen*, 370 S.C. 88, 102, 634 S.E.2d 653, 660 (2006) (declining to address the remaining issues addressed by an appellant when a prior issue was dispositive).

**AFFIRMED.**[3]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.