**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

A.R. Foods, Inc., Appellant,

v.

Carolina South Shore Construction, Inc., Abri Design Studio, Inc., and Ray Group Consulting Engineers, Inc., Defendants,

of which Carolina South Shore Construction, Inc. is the Respondent.

Appellate Case No. 2024-001974

———————

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-080
Submitted January 2, 2026 – Filed February 25, 2026

———————

**AFFIRMED**

———————

John T. Crawford, Jr., and Kathryn Lynn Harden, both of Kenison Dudley & Crawford, LLC, of Greenville; and Shannon Colleen O'Reilly, of Kenison Dudley & Crawford, LLC, of Cayce, all for Appellant.

James P. Walsh, of Clarkson, Walsh & Coulter, P.A., of Greenville; and Michelle N. Endemann, of Charleston, both for Respondent.

——————————

**PER CURIAM:** A.R. Foods, Inc. appeals the circuit court's order granting summary judgment in favor of Carolina South Shore Construction, Inc. (CSSC). On appeal, A.R. Foods argues the circuit court erred in granting summary judgment in favor of CSSC because A.R. Foods produced evidence that created a reasonable inference CSSC was negligent, breached the parties' contract, and breached the implied warranty of workmanlike service. A.R. Foods contends it produced evidence (1) that showed the HVAC system CSSC installed at its commercially leased property, although based on the designs supplied by co-defendants Ray Group Consulting Engineers, Inc. and Abri Design Studio, Inc., was installed incorrectly and (2) A.R. Foods produced evidence of damages it suffered due to CSSC's improper installation.[1] We affirm pursuant to Rule 220(b), SCACR.

Initially, to the extent A.R. Foods intended to argue the circuit court abused its discretion by granting summary judgment on the breach of contract claim, we hold A.R. Foods abandoned this argument because, although it mentions its breach of contract claim in its statement of the issues, it failed to argue the claim in the body of its brief. *See Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fidelity and Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting a party is deemed to have abandoned an issue on appeal when the party fails to cite supporting authority or provide arguments).

———————————

[1] We address only the issues set forth in A.R. Foods's initial brief because A.R. Foods raised a new issue in their final brief in violation of Rule 221(b) of the South Carolina Appellate Court Rules. *See* Rule 211(b), SCACR (requiring the parties' final briefs be identical to their initial briefs except for the addition of references to the record on appeal and the correction of typographical errors); *State v. Wakefield*, 323 S.C. 189, 191, 473 S.E.2d 831, 832 (Ct. App. 1996) ("[A]ll issues must be argued in the initial briefs.").

We hold the circuit court properly granted summary judgment to CSSC because A.R. Foods failed to produce evidence that CSSC breached a duty, that A.R. Foods suffered damages from that breach, or that CSSC breached an implied warranty of workmanlike service. *See Vaughan v. Town of Lyman*, 370 S.C. 436, 440, 635 S.E.2d 631, 633 (2006) ("In reviewing the grant of summary judgment, [an appellate court] applies the same standard that governs the trial court under Rule 56[(c) of the South Carolina Rules of Civil Procedure]: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 385-86, 684 S.E.2d 566, 568 (Ct. App. 2009) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 461, 892 S.E.2d 297, 300 (2023) (providing South Carolina has "rejected the 'mere scintilla' standard"); *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 153, 747 S.E.2d 468, 481 (2013) ("To prevail on a negligence claim, a plaintiff must establish duty, breach, causation, and damages."); *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 86, 502 S.E.2d 78, 81 (1998) ("An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence."); *Graham v. Town of Latta*, 417 S.C. 164, 187, 789 S.E.2d 71, 82 (Ct. App. 2016) ("In an action for negligence, the plaintiff must prove by direct or circumstantial evidence that the defendant did not exercise reasonable care."); *Washington v. Lexington Cnty. Jail*, 337 S.C. 400, 405, 523 S.E.2d 204, 206 (Ct. App. 1999) ("The absence of any one of these elements renders the cause of action insufficient."); *Graham*, 417 S.C. at 186, 789 S.E.2d at 82 ("South Carolina does not recognize the doctrine of res ipsa loquitur."); *Kennedy v. Columbia Lumber & Mfg. Co.*, 299 S.C. 335, 344, 384 S.E.2d 730, 736 (1989) ("[A] builder who contracts to construct a dwelling impliedly warrants that the work undertaken will be performed in a careful, diligent, workmanlike manner."); *City of York v. Turner-Murphy Co.*, 317 S.C. 194, 196, 452 S.E.2d 615, 616-17 (Ct. App. 1994) ("In a professional negligence cause of action, the plaintiff must prove the professional failed to conform to generally recognized and accepted practices in the profession. If the plaintiff cannot meet this burden, then the professional cannot be found liable as a matter of law."); *id.* at 196, 452 S.E.2d at 617 ("Where professional negligence is alleged, expert testimony is usually necessary to establish both the standard of care and the professional's deviation from that standard, unless the subject matter is within the area of common knowledge and experience of the layman so that no special learning is needed to evaluate the professional's conduct.").

**AFFIRMED.**[2]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.